MARXER *v.* CITY OF SAGINAW.

1. Municipal Corporations—Cities—Purpose.

Cities are local governmental organizations deriving their power and authority from the State, organized for the purpose of carrying on local municipal government and their officers may be empowered to perform State functions as well.

2. OFFICERS—PUBLIC OFFICE—DEFINITION.

A public office is a public station or employment conferred by election or appointment and embraces the ideas of tenure, duration, emolument, and duties; is an agency of the State; a part of the administration of government, civil or military, or is itself created directly by the law-making power.

3. SAME—PUBLIC OFFICERS—DEFINITION.

A public officer is one who renders a service in which the general public is interested; one who is a part of the personal force by which the State acts, thinks, determines, administers, and makes its Constitution and laws operative and effective.

4. SAME—CITY CHARTER COMMISSIONERS.

Although a charter commission's powers are recommendatory rather than administrative, the charter commissioners do perform a public function in framing a proposed charter, hence, are public officers; and representing no other part of the public than the city, are city officers (1 Comp. Laws 1929, § 2256).

5. MUNICIPAL CORPORATIONS—CHARTER COMMISSIONERS—CONTRACTS WITH CITY—SAGINAW.

Under charter of city of Saginaw which prohibits contractual relations between city officers and the city, charter commissioners who perform public function and are, therefore, city officers, are not entitled to mandamus to compel payment of their contractual claims against the city.

Appeal from Saginaw; Browne (Clarence M.) and Martin (William H.), JJ., presiding. Submitted December 29, 1934. (Calendar No. 38,221.) Decided January 29, 1935.

Mandamus by Frank Marxer and others, members of charter commission of the City of Saginaw, against City of Saginaw, a municipal corporation, and Albert J. Louden, its controller, to compel the audit and payment of an account. Writ granted. Defendants appeal. Reversed, and writ denied.

*Raymond R. Kendrick,* for plaintiffs.

*David E. McLaughlin,* for defendants.

Potter, J. Plaintiff seeks mandamus against defendant Louden, controller of the city of Saginaw, to require him as controller to audit his claim against the city in the sum of $3.60, which audit was refused by defendant upon the ground that plaintiff, a member of the charter commission of the city, was disqualified from entering into a contract with the city under its charter which provides no city officer may be a party to any contract with the city; and asks a declaratory judgment as to the rights of the charter commission of the city.

The question involved is whether the members of the charter commission of the city of Saginaw are city officers of such city, and this is a test case to obtain a determination of that question by this court.

Cities in Michigan antedate the organization of State government. Some of them had charters before the organization of the Michigan territorial government. It is unnecessary to consider their common-law origin. They probably arose out of the necessity of having local officers to care for local governmental functions peculiar to the locality which could be better cared for by local officers than by central authority. They are local governmental organizations deriving their power and authority from the State, organized for the purpose of carrying on local municipal government. City officers locally elected in many cases perform State functions as well as local governmental functions. In the absence of constitutional provision and restriction, matters of local municipal concern in cities may be determined by the citizens themselves. They were, in this State, for many years, looked

after by the legislature. Changes in city charters and in the organization of their several departments were frequently made by the legislature, and public sentiment became antagonistic to such interference which, it was felt in many cases, was unwarranted, and this opposition to legislative interference with matters of purely local concern led to the constitutional provisions:

"The legislature shall provide by a general law for the incorporation of cities, and by a general law for the incorporation of villages; such general laws shall limit their rate of taxation for municipal purposes, and restrict their powers of borrowing money and contracting debts." Constitution 1908, art. 8, § 20.

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter and to amend an existing charter of the city or village heretofore granted or passed by the legislature for the government of the city or village and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State." Constitution 1908, art. 8, § 21.

In pursuance of the power and authority conferred upon the legislature, it enacted a so-called "home rule act" for cities (Act No. 279, Pub. Acts 1909), which has since been frequently amended (1 Comp. Laws 1929, § 2228 *et seq.*). The city of Saginaw is organized under this act, which provides that each organized city shall be a body corporate; for mandatory charter provisions; and for other charter provisions which are permissible. The act provides for the revision of existing city charters; the creation of a charter commission; and defines

the powers and duties of such commission. 1 Comp. Laws 1929, § 2256.

In *Eikhoff* v. *Charter Commission of the City of Detroit,* 176 Mich. 535, 541, it was said:

"Whether or not members of these charter commissions are city officers within the meaning of that term as ordinarily understood and interpreted we need not determine."

But the question is here directly involved.

A public office is a public station or employment conferred by election or appointment. It embraces the ideas of tenure, duration, emolument, and duties. *United States* v. *Hartwell,* 6 Wall. (73 U. S.) 385.

The true test of a public office seems to be that it is a parcel of the administration of the government, civil or military, or is itself created directly by the law-making power. *Eliason* v. *Coleman,* 86 N. C. 235.

A public office is an employment on behalf of the government, in any station or public trust, not merely transient, occasional or incidental. *In re Attorneys,* 20 Johns. (N. Y.) 492; *In re Hathaway,* 71 N. Y. 238.

It means a right to exercise generally, and in all proper cases, the functions of a public trust or employment, and to receive the fees and emoluments belonging to it, and to hold the place and perform the duty for the term and by the tenure prescribed by law. *In re Hathaway, supra.*

A public office is an agency of the State. Salaries are not of the essence. The duty of acting for and in behalf of the State constitutes an office. *State, ex rel. Clark,* v. *Stanley,* 66 N. C. 59 (8 Am. Rep. 488); *People, ex rel. Welker,* v. *Bledsoe,* 68 N. C. 457.

In *Schmitt* v. *Dooling,* 145 Ky. 240 (140 S. W. 197, 36 L. R. A. [N. S.] 881, Ann. Cas. 1913 B, 1078), it is said:

"The words 'public officer,' as used in these opinions, mean one who renders a public service; a service in which the general public is interested. For if it were not so the reason for the rule would be wanting, inasmuch as all the opinions expressly declare that the rule is not adopted for the benefit of the one rendering the service. Is a fireman a public officer within this meaning? It is insisted for appellant that he is not; and the case of *City of Lexington* v. *Thompson,* 113 Ky. 540 (68 S. W. 477, 57 L. R. A. 775, 101 Am. St. Rep. 361), is cited as supporting this view. In that case it was held that a fireman was not such an officer as that the legislature was authorized to fix or regulate his compensation. The word 'officer,' as used in that opinion, was restricted to its narrower meaning. Webster, in his new International Dictionary, defines 'office' to be—'A special duty, trust, charge, or position conferred by an exercise of governmental authority and for a public purpose; a position of trust or authority conferred by an act of governmental power; a right to exercise a public function or employment and receive the emoluments (if any) thereto belonging; as an executive or judicial office; a municipal office; distinguished from an employment. In its fullest sense an office embraces the elements of tenure, duration, duties, and emoluments, but the element of emoluments is not essential to the existence of an office.' And the same authority defines an 'officer' to be—'One charged with a duty; one who holds an office; a person lawfully invested with an office, whether civil, military, or ecclesiastical, and whether under the State or a private corporation or the like.'

"In *Olmstead* v. *Mayor,* 10 Jones & S. (42 N. Y. Super. Ct.) 481, it is said the term 'officer' implies—

" 'An authority to exercise some portion of the sovereign power of the State, either in making, administering, or executing the laws.' In *Eliason* v. *Coleman,* 86 N. C. 235, it is said:

" 'The true test of a public office seems to be that it is a part of the administration of government, civil or military.' Both of these definitions are quoted with approval in *Commonwealth* v. *Bush,* 131 Ky. 384 (115 S. W. 249).

"In *People, ex rel. Rodgers,* v. *Coler,* 166 N. Y. 1 (59 N. E. 716, 52 L. R. A. 814, 82 Am. St. Rep. 605), we find that 'an officer is a part of the personal force by which the State acts, thinks, determines, administers, and makes its Constitution, and its laws operative and effective.' "

It would be competent for the legislature, under the constitutional provisions above quoted, to provide the people of a city should meet together and frame and adopt a charter. This would undoubtedly be inconvenient, and consequently the legislature provided the people of the city could delegate to charter commissioners the power and authority to frame a charter for submission to the people themselves. The charter commission's powers are rather recommendatory than administrative, but that the charter commissioners are public officers cannot admit of doubt.

The framing of a proposed charter for the city of Saginaw is a public function. The members of the charter commission act in the place and stead of the people of the city. They exercise a power which might otherwise be performed by the people themselves. They represent the people in framing a charter which may be proposed for adoption. They represent the people in a trust capacity as their agents. One whom the people have chosen, by reason of public confidence, to perform a public func-

tion in relation to public business is a public officer, and it seems clear, both upon principle and authority, that the members of the charter commission of the city of Saginaw are public officers; and, if they are public officers, they must be city officers because they represent no other part of the public than the city itself. Under the charter of the city of Saginaw, which prohibits contractual relations between city officers and the city itself, the plaintiff is not entitled to a writ of mandamus, but, on the contrary, such writ should be refused.

Judgment reversed; mandamus denied, but without costs, the matter involved being a public question.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.