SULLIVAN *v.* STATE BOARD OF TAX ADMINISTRATION.

1. MANDAMUS—STATE EMPLOYEE—WAR VETERAN—CIVIL SERVICE—DISCHARGE.

   Rights of party who was a war veteran and a State employee in the classified civil service and, claiming to have been unlawfully dismissed, seeks mandamus to compel his reinstatement and payment of wages claimed to be due are governed by the law as it existed at the time of his discharge (1 Comp. Laws 1929, § 900 *et seq.*, as amended by Acts Nos. 66, 67, Pub. Acts 1931; Act No. 346, Pub. Acts 1937).

2. STATUTES—REPEAL OF INCONSISTENT PROVISIONS OF PREVIOUS ACTS.

   The veterans' preference act was repealed by the civil service act at least insofar as the inconsistent provisions as to power of removal of a State employee, the right to a hearing, and the result of the hearing were concerned (1 Comp. Laws 1929, § 900 *et seq.*, as amended by Acts Nos. 66, 67, Pub. Acts 1931; Act No. 346, Pub. Acts 1937).

3. MANDAMUS—RECORD.

   Mandamus cases before the Supreme Court should be disposed of on the record and what is not of record should be treated as not existing.

4. SAME—RECORD—CIVIL SERVICE ACT—VETERANS' PREFERENCE ACT.

   After passage of the civil service act the governor had no power to act under the provisions of the veterans' preference act, such provisions having then been repealed; hence correspondence between a State employee who had been discharged and the governor's office was immaterial whether or not it should be treated as a part of the record in mandamus proceeding (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931; Act No. 346, Pub. Acts 1937).

5. SAME—ILLEGALLY DISMISSED STATE EMPLOYEE—PAYMENT—RE-
INSTATEMENT.

Referee in branch office of State board of tax administration
who was dismissed by the managing director, the appointing
authority, without having complied with provisions of the
civil service law, *held,* illegally dismissed and entitled to pay
at former rate from the date thereof until effective date of
amendment of the civil service law transferring position of
referee from classified service to the unclassified service but
not now entitled to reinstatement (Act No. 346, § 7, Pub. Acts
1937, as amended by Act No. 97, Pub. Acts 1939).

6. COSTS—PUBLIC QUESTION.

No costs are allowed in mandamus proceeding by State employee
who had been illegally dismissed by the appointing authority,
a public question being involved (1 Comp. Laws 1929, § 900
*et seq.,* as amended by Acts Nos. 66, 67, Pub. Acts 1931; Act
No. 346, Pub. Acts 1937, as amended by Act No. 97, Pub.
Acts 1939).

Petition for mandamus by John L. Sullivan to
compel Orville E. Atwood, managing director of the
State Board of Tax Administration, to reinstate
petitioner as referee of State Board of Tax Adminis-
tration. Submitted August 15, 1939. (Calendar
No. 40,441.) Writ granted in part November 9,
1939. Rehearing denied December 20, 1939.

*Frederic T. Harward (Harry Holden MacCord,*
of counsel), for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E.
Shepherd* and *Kenneth G. Prettie,* Assistants Attor-
ney General, for defendant.

POTTER, J. Relator asks mandamus directing re-
spondent to reinstate him as referee in the Detroit
branch office of the State board of tax administra-
tion and for payment of wages claimed to be due.
He claims his peremptory dismissal January 13,

1939, because his services no longer would be required and for the good of the service, was violative of the civil service act (Act No. 346, Pub. Acts 1937 [Comp. Laws Supp. 1937, § 402–1 *et seq.*, Stat. Ann. 1939 Cum. Supp. § 3.951 *et seq.*) and of the veterans' preference act (Act No. 205, Pub. Acts 1897 [1 Comp. Laws 1929, § 900 *et seq.*], as amended by Act No. 66 and Act No. 67, Pub. Acts 1931 [Comp. Laws Supp. 1935, §§ 900, 901, 903–1; Stat. Ann. §§ 4.1221–4.1225]).

Relator's rights are governed by the law as it existed at the time of his discharge January 13, 1939. The civil service act (Act No. 346, Pub. Acts 1937) was then in force.

The veterans' preference act (1 Comp. Laws 1929, § 900, as amended by Act No. 66, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 900, Stat. Ann. § 4.1221]) at the time of relator's removal provided it should apply to honorably discharged soldiers, sailors and marines. The civil service act (Act No. 346, § 14, subd. 2, Pub. Acts 1937 [Comp. Laws Supp. 1937, § 402–14, subd. 2, Stat. Ann. 1939 Cum. Supp. § 3.964, subd. 2]) included, among war veterans, active nurses. The veterans' preference act required two years' residence in the State to be entitled to its benefits. The civil service act required no residence in the State. It was open to residents and nonresidents alike. The veterans' preference act required residence in the county in which the office or position was located for at least one year. Under the civil service law, there was no requirement of residence in the county. The veterans' preference act required the veteran should be possessed of other *requisite qualifications which should be at least equal to those of other applicants.* Under the civil service act, war veterans who had attained the minimum earned rat-

ings should have *five* points if they had not been determined to be eligible for disability compensation from the United States through the veterans' administration, or *ten* points if they had been determined to be eligible for such disability compensation, added to their earned ratings.

The veterans' preference act (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 901, Stat. Ann. § 4.1222]) provided the employee might be discharged for official misconduct, habitual, serious or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony or incompetency, without the consent or approval of the governor. The civil service act (Act No. 346, § 17, subd. 3, Pub. Acts 1937 [Comp. Laws Supp. 1937, § 402–17, subd. 3, Stat. Ann. 1939 Cum. Supp. § 3.967, subd. 3]) provided:

"An appointing authority *may dismiss a classified employee whenever he considers the good of the service to be served thereby.* Any removal or separation of an employee from the classified service shall be deemed to be a dismissal except as herein specifically provided. In every such case of dismissal, the appointing authority shall, before the effective date thereof, give written notice of his action to the director. The director shall make such investigations of the circumstances surrounding the dismissal and the fairness thereof as he may consider desirable and shall, not later than ten days after submission of the notice of dismissal, report to the commission his findings as to the justice of the dismissal. The dismissed employee may file with the commission a statement in writing concerning the dismissal. The commission, after consideration of the director's report and the statement of the employee, if made, and after such investigation of

its own as it deems desirable, may, not later than thirty days after receipt of the director's report, present its findings and recommendations to the appointing authority. If such report is submitted and if, within ten days after its submission, the appointing authority decides to rescind or modify his original action, such decision shall be reported in writing to the director and shall become effective immediately. If the commission does not submit a report of findings and recommendations to the appointing authority within forty days after submission of the notice of dismissal to the director, or if such report of findings and recommendations is submitted and no report of rescission or modification is submitted to the director within ten days thereafter, *the original action of the appointing authority shall become final and binding and shall not be subject to appeal or further review.*"

Under the veterans' preference act (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 901, Stat. Ann. § 4.1222]), where the veteran had been removed, transferred, or suspended other than in accordance with the provisions of the act, he could file a written protest with the officer whose duty under the provisions of the act it was to make the removal, transfer, or suspension, within 30 days from the day such veteran was removed, transferred, or suspended. Otherwise, the veteran waived the benefits and privileges of the act. Under the civil service act (Act No. 346, Pub. Acts 1937), no one has a right to compel the appointing power to restore an employee who has been discharged. The applicable provisions of the statute are above quoted. The statute provides only that a written statement concerning the dismissal may be filed.

Under the veterans' preference act (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts

1931 [Comp. Laws Supp. 1935, § 901, Stat. Ann. § 4.1222]), the relator, a State employee, was entitled to a hearing before the governor; while under the civil service act (Act No. 346, § 17, subd. 3, Pub. Acts 1937), he was entitled only to an investigation of the cause of his removal. There was no power to compel his reinstatement. The only preferential treatment accorded a war veteran under the civil service act in force at the time of relator's discharge was additional credits on account of his war service. Otherwise, he was in all respects governed by the civil service act.

The civil service act (Act No. 346, Pub. Acts 1937 [Comp. Laws Supp. 1937, § 402–28, Stat. Ann. 1939 Cum. Supp. § 3.978]) further provided:

"SEC. 28. Repeal. All acts or parts of acts which are inconsistent with the provisions of this act are hereby repealed. Act number two hundred five of the public acts of eighteen hundred ninety-seven, as amended, being sections nine hundred to nine hundred three, inclusive, of the compiled laws of nineteen hundred twenty-nine, is hereby repealed only insofar as inconsistent with the provisions of this act."

The veterans' preference act and the civil service act were particularly inconsistent with each other so far as the power of removal, the right to a hearing, and the result of the hearing were concerned.

The legislature of 1939 acted upon the assumption that Act No. 346, Pub. Acts 1937, substantially abolished the provisions of the veterans' preference act (1 Comp. Laws 1929, §§ 900–903, as amended by Act No. 66 and Act No. 67, Pub. Acts 1931 [Comp. Laws Supp. 1935, §§ 900–903, Stat. Ann. §§ 4.1221–4.1224]). By Act No. 298, Pub. Acts 1939, the veterans' preference act was amended so as to abolish the require-

ment of the previous veterans' preference act that the veteran should possess other requisite qualifications at least equal to those of other applicants, to provide for recognition of the credit allowed by the provisions of the civil service act, and providing for the removal, reinstatement and compensation of a veteran found to be wrongfully removed. And the civil service act (Act No. 346, § 14, subd. 2, Pub. Acts 1937) was amended by Act No. 97, § 14, subd. 2, Pub. Acts 1939, so as to give them additional credit for military service, as follows:

"War veterans  *  *  *  shall have 10 points added to their earned ratings who have an honorable discharge from any branch of the armed forces in time of war and 15 points shall be added to the earned ratings of all honorably discharged veterans who have served in the time of war and have a service connected disability, and their names shall be placed upon the register in the order of such augmented ratings, except that war veterans shall be placed at the top of such register in the following order: First, those war veterans having a service connected disability; second, those war veterans having served 6 months or more in the armed forces of the United States in time of war: *Provided further,* That in the administration of this act, war veterans shall be exempt as to all requirements in reference to age, physical condition, educational background, previous specified instruction or the attainment of any degree or certificate from an educational institution, and any such war veteran's qualifications shall be rated upon the basis of his actual knowledge and his ability to perform the duties of the position to be filled."

Section 27a of this act provides:

"Nothing contained in this act shall be deemed or construed to restrict or deny to any honorably

discharged war veteran as defined in this act, in any public service or employment under the provisions of this act, any of the rights; privileges and protection in public employment provided by the terms and conditions of Act No. 205 of the Public Acts of 1897, as amended by Acts No. 66 and 67 of the Public Acts of 1931, as amended, it being the intent, in the enactment of this proviso, to reserve and protect all such rights, privileges and protection in public employment to the class or classes of persons mentioned in said act and to the full extent and intendment of said rights, privileges and protection as expressed therein.''

Since relator filed his petition, Act No. 97, Pub. Acts 1939, has been passed, given immediate effect, and approved by the acting governor. This act removed relator from the classified to the unclassified service. Act No. 346, § 7, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939. The civil service commission now has no jurisdiction at all over the unclassified service. Act No. 346, § 7, Pub. Acts 1937, as amended by Act No. 97, Pub. Acts 1939.

In the record and in the original brief filed by relator, no claim is made that he attempted to comply with the veterans' preference act by filing a protest with the governor within 30 days from the date he was removed. Cases should be disposed of on the record. What is not of record should be treated by this court as not existing. But, by a reply brief, relator sets up a protest to the governor against his removal, under date of February 8, 1939, purporting to be made pursuant to Act No. 67, Pub. Acts 1931, because his removal was contrary to and in violation of the provisions of that act; and he sets up that in reply he received a letter from the

legal advisor of the governor, under date of February 16, 1939, saying:

"It seems to be generally conceded that the veterans' preference law was repealed by the civil service law enacted by the 1937 legislature.   *   *   * There is no law under which the governor can now act for the purpose of holding hearings and order reinstatement. The governor cannot act under a law which has been repealed."

Treating this correspondence as a part of the record does not alter the situation. The governor had no power in the premises.

Relator's dismissal from the service because his services no longer would be required and for the good of the service is sought to be upheld under Act No. 346, § 17, subd. 3, Pub. Acts 1937, which provides:

"An appointing authority may dismiss a classified employee whenever he considers the good of the service to be served thereby."

But that section of the statute provides, in addition, that the appointing authority, before the effective date of the dismissal, give written notice of his action to the director of civil service; that the director make an investigation, report to the civil service commission his findings, et cetera. There is no claim the appointing authority which removed relator complied with the provisions of this act. His dismissal was, therefore, illegal. *O'Donnell* v. *Liquor Control Commission,* 288 Mich. 377. Relator continued to be an employee of the State until the effective date of Act No. 97, Pub. Acts 1939, May 15, 1939. He is not entitled to be reinstated, but is entitled to be paid from January 13, 1939, to May 15, 1939, as a State employee at the rate of compensation formerly paid him. *Koeper* v. *Detroit Street Railway Commission,*

222 Mich. 464; *Dick* v. *City of Melvindale,* 271 Mich. 419; *Lilienthal* v. *City of Wyandotte,* 286 Mich. 604. No costs are awarded, a public question being involved.

BUTZEL, C. J., and BUSHNELL, SHARPE, NORTH, and McALLISTER, JJ., concurred with POTTER, J. WIEST, J., concurred in the result. CHANDLER, J., did not sit.