PONTIAC POLICE OFFICERS ASSOCIATION v CITY OF PONTIAC

1. LABOR RELATIONS—MUNICIPAL CORPORATIONS—HOME RULE—CITY
     CHARTER—POLICE—RESIDENCY REQUIREMENT—COLLECTIVE BAR-
     GAINING—ALTERATION.

   The charter residency requirement for policemen of the City of
   Pontiac, a home rule city, is valid and controlling and not a
   mandatory subject for collective bargaining; the requirement
   may be altered by an affirmative vote of the Pontiac electors
   (Const 1963, art 7, § 22).

2. LABOR RELATIONS—MUNICIPAL CORPORATIONS—CITY CHARTER—PO-
     LICE TRIAL BOARD—CIVILIAN TRIAL BOARD—COLLECTIVE BAR-
     GAINING—LEGISLATIVE INTENT—ALTERATION.

   The question of a civilian trial board for policemen is not a
   mandatory subject for collective bargaining when the City of
   Pontiac's charter provides for a police trial board because the
   management, operation, and control of Pontiac's Police Depart-
   ment is a municipal concern and by authorizing cities to create
   a civil service commission for policemen and firemen, the
   Legislature has recognized that the management, operation,
   and control of these departments is a matter of local concern to
   be resolved locally; Pontiac's charter provision on a police trial
   board is valid and controlling and it may be altered by an
   affirmative vote of the Pontiac electors (MCLA 38.501 et seq.).

Appeal from Employment Relations Commis-
sion. Submitted Division 2 October 8, 1973, at
Detroit. (Docket No. 14843.) Decided November 1,
1973. Leave to appeal granted, decisions vacated,
and remanded to the Court of Appeals for recon-
sideration, 391 Mich —.

The Employment Relations Commission ordered
the City of Pontiac to bargain in good faith with
the Pontiac Police Officers Association with re-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur 2d, Labor and Labor Relations § 1193.

spect to certain labor issues. The city appeals by leave granted. Reversed.

*Winston L. Livingston* (by *J. Douglas Korney),* for Pontiac Police Officers Association.

*Tolleson, Brugess & Mead* (by *Douglas C. Dahn),* for the City of Pontiac.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the Employment Relations Commission.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

QUINN, J. This appeal on leave granted from a decision and order of MERC involves two questions:

1. Is the charter residency requirement for policemen of defendant city a mandatory subject for collective bargaining?

2. Is the question of a civilian trial board for policemen a mandatory subject for collective bargaining when the city charter provides for a police trial board? MERC answered both questions in the affirmative and ordered collective bargaining on these issues. We anwer both questions in the negative and reverse.

Although we are satisfied that *DPOA v Detroit,* 385 Mich 519; 190 NW2d 97 (1971), and *Police Officers Association v Detroit,* 41 Mich App 723, 728; 200 NW2d 722, 725 (1972), disposed of the first question contrary to the decision of MERC in the present case, we believe the analysis which follows strengthens those holdings.

MCLA 117.36; MSA 5.2116 provides:

"No provision of any city charter shall conflict with or contravene the provisions of any general law of the state."

MCLA 423.215; MSA 17.455(15) requires public employers to bargain collectively with representatives of its employees with respect to wages, hours and other terms and conditions of employment. This is a general law of the state and would appear to prevail over defendant city's charter provisions on residency for policemen and police trial boards.

However, Pontiac is a home-rule city. Const 1963, art 7, § 22, provides:

"Under general laws the electors of each city and village shall have the power and authority to frame, adopt and amend its charter, and to amend an existing charter of the city or village heretofore granted or enacted by the legislature for the government of the city or village. Each such city and village shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law. No enumeration of powers granted to cities and villages in this constitution shall limit or restrict the general grant of authority conferred by this section."[1]

Is the management, operation and control of its police department a municipal concern? An emphatic affirmative answer may be found in *Smith v Flint City Commission,* 258 Mich 698; 242 NW 814 (1932).

By authorizing cities, villages or municipalities to create a civil service commission for policemen and firemen (see MCLA 38.501 *et seq;* MSA 5.3351

---

[1] Const 1908, art 8, § 21, was a similar but less strong provision. The reason for its adoption is spelled out in *Marxer v Saginaw,* 270 Mich 256; 258 NW 627 (1935). In a nutshell, matters of local concern should be handled locally.

*et seq)*, the Legislature has recognized that the management, operation and control of these departments is a matter of local concern to be resolved locally.

We hold that Pontiac's charter provisions on residency for policemen and police trial board are valid and controlling. Neither is a mandatory subject of collective bargaining. Either may be altered by an affirmative vote of the Pontiac electors.

Reversed but without costs, a public question being involved.

All concurred.