PONTIAC POLICE OFFICERS ASSOCIATION v CITY OF PONTIAC
(SUPPLEMENTAL OPINION)

Labor Relations—Collective Bargaining—Municipal Corporations—City Charters—Police Trial Boards—Civilian Trial Boards.

> The question of a civilian trial board for policemen is a permissive, not a mandatory subject, of collective bargaining between a city and a police officers association when the city charter provides for a police trial board.

Appeal from Employment Relations Commission. Submitted Division 2 October 8, 1973, at Detroit. (Docket No. 14843.) Decided November 1, 1973, 50 Mich App 382; 213 NW2d 217. Leave to appeal granted, decisions vacated and remanded to the Court of Appeals for reconsideration, 391 Mich 814 (1974). Supplemental decision filed July 22, 1974. Leave to appeal granted, 392 Mich 812.

The Employment Relations Commission ordered the City of Pontiac to bargain in good faith with the Pontiac Police Officers Association with respect to certain labor issues. The city appealed by leave granted. Reversed. Upon remand for reconsideration, reversed.

*Gregory, Van Lopik & Higle* (by *J. Douglas Korney),* for plaintiff Pontiac Police Officers Association.

*Tolleson, Burgess & Mead* (by *J. Douglas Dahn),* for defendant City of Pontiac.

Reference for Points in Headnote
48 Am Jur 2d, Labor and Labor Relations §§ 1191, 1192.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the Employment Relations Commission.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

### SUPPLEMENTAL OPINION

QUINN, J. An order of the Supreme Court in the above entitled cause dated April 18, 1974, and designated CR 12-98, provides:

"We grant leave to appeal and *sua sponte* vacate the decision of the Court of Appeals reported at 50 Mich App 382; 213 NW2d 217 (1973).

"On the authority of *Detroit Police Officers Association v City of Detroit,* 391 Mich 44; 214 NW2d 803 (1974), we hold that a residency requirement is a mandatory subject of collective bargaining.

"We remand to the Court of Appeals for reconsideration, in light of *D.P.O.A. v City of Detroit, supra,* of the question whether the continuation of a civilian trial board for policemen is a 'mandatory', 'permissive' or 'illegal' subject of collective bargaining."[1]

Pursuant thereto we have reconsidered our prior holding. Contrary to the language of the foregoing order, this case does not involve the question, "whether the continuation of a civilian trial board for policemen is a 'mandatory', 'permissive' or 'illegal' subject of collective bargaining".

The question originally before this Court was

"Is the question of a civilian trial board for policemen a mandatory subject for collective bargaining when the city charter provides for a police trial board?" *Police*

[1] 391 Mich 814 (1974).

*Officers Association v Pontiac,* 50 Mich App 382, 383; 213 NW2d 217 (1973).

For the reasons expressed in our prior opinion, we affirm our negative answer to this question. We do not read *Detroit Police Officers Association, supra,* as a refutation of that reasoning. The question of a civilian trial board on the facts of this case is a permissive subject of collective bargaining.

All concurred.