KRAJEWSKI v CITY OF ROYAL OAK

Docket No. 62733. Submitted February 16, 1983, at Detroit.—Decided
June 22, 1983.

Raymond Krajewski, a sanitation worker for the City of Royal
Oak, was discharged from his employment for "official miscon-
duct" following a veteran's preference hearing. Krajewski
sought review of the city's decision in Oakland Circuit Court by
means of a petition for a writ of superintending control. Rich-
ard D. Kuhn, J., granted an order of superintending control
and ordered Krajewski's reinstatement, holding that Krajewski
could not be guilty of "official misconduct" because he was not
an official or, in the alternative, that Krajewski's actions were
insufficiently related to his job to constitute "official miscon-
duct". The City of Royal Oak appeals. *Held:*

The term "official misconduct" as used in the law has a
restrictive technical meaning and relates only to the conduct
of public officers. A garbage collector is not a public officer.
Accordingly, the circuit court judge properly held that Krajew-
ski could not be discharged for "official misconduct".

Affirmed.

Hood, J., concurred in the result only.

1. STATUTES — JUDICIAL CONSTRUCTION.
   Words and phrases which have acquired a peculiar and appropri-
   ate technical meaning in the law are construed according to
   that meaning when they appear in statutes (MCL 8.3a; MSA
   2.212[1]).

2. WORDS AND PHRASES — OFFICIAL MISCONDUCT.
   The term "official misconduct" has technical meaning in the law;
   "official misconduct" relates only to the conduct of public
   officers.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 165, 206, 238, 302.
[2] 63 Am Jur 2d, Public Officers and Employees § 1.
[3] 63 Am Jur 2d, Public Officers and Employees §§ 11, 12.

3. WORDS AND PHRASES — PUBLIC OFFICERS — MUNICIPAL EMPLOYEES — PUBLIC EMPLOYMENT — VETERANS' PREFERENCE ACT.

A municipal sanitation worker is not a public officer; accordingly, a sanitation worker may not be discharged pursuant to the provisions of the veterans' preference act for official misconduct (MCL 35.402; MSA 4.1222).

*Dawnn Gruenberg,* for plaintiff.

*Teresa E. Schafer,* City Attorney, and *Riley & Roumell* (by *Craig W. Lange* and *Gerald A. Eggemeyer),* for defendant.

Before: MacKENZIE, P.J., and BRONSON and HOOD, JJ.

PER CURIAM. This case arises under the veterans' preference act, MCL 35.401 *et seq.;* MSA 4.1221 *et seq.* After a hearing pursuant to MCL 35.402; MSA 4.1222, plaintiff was discharged from his job as a laborer for "official misconduct". Plaintiff sought review in circuit court of this decision by means of a petition for a writ of superintending control. The circuit court held, in the alternative, that plaintiff could not commit "official misconduct" because he was not an "official" and that plaintiff's actions were insufficiently related to his job to constitute "official misconduct". An order of superintending control requiring that plaintiff be reinstated with back pay was issued. In denying defendant's motion for rehearing, the court stated that the misconduct at issue was insufficiently serious in light of plaintiff's employment record to justify discharge. Defendant appeals by right.

MCL 35.402; MSA 4.1222 provides in part:

"No veteran or other soldier, sailor, marine, nurse or member of women's auxiliaries as indicated in the

preceding section holding an office or employment in
any public department or public works of the state or
any county, city or township or village of the state,
except heads of departments, members of commissions,
and boards and heads of institutions appointed by the
governor and officers appointed directly by the mayor of
a city under the provisions of a charter, and first
deputies of such heads of departments, heads of institu-
tions and officers, shall be removed or suspended, or
shall, without his consent, be transferred from such
office or employment except for official misconduct,
habitual, serious or willful neglect in the performance
of duty, extortion, conviction of intoxication, conviction
of felony, or incompetency * * *."

Words and phrases which have acquired a pecu-
liar and appropriate technical meaning in the law
are construed according to that meaning when
they appear in statutes. MCL 8.3a; MSA 2.212(1).
See also *Pitcher v People,* 16 Mich 142, 147 (1867);
*People v Covelesky,* 217 Mich 90, 100; 185 NW 770
(1921); *Equitable Trust Co v Milton Realty Co,* 261
Mich 571, 575; 246 NW 500 (1933); *Thomas v Dep't
of State Highways,* 398 Mich 1, 9-10; 247 NW2d
530 (1976). "Official misconduct" is defined in
Black's Law Dictionary (4th ed), p 1236, as "[a]ny
unlawful behavior by a *public officer* in relation to
the duties of his office, willful in its character,
including any willful or corrupt failure, refusal, or
neglect of an officer to perform any duty enjoined
on him by law". (Emphasis added.) See also *Carroll
v City Comm of Grand Rapids,* 265 Mich 51, 58;
251 NW 381 (1933) wherein the Court, in defining
"official misconduct", stated:

"It must be something which in a material way
affects the rights and interests of the public. *State ex
rel Hart v Common Council of Duluth,* 53 Minn 238; 55
NW 118 (1893).

" 'Where the removal is to be for *official* misconduct

or for misfeasance or mal-administration *in office,* the misconduct which shall warrant a removal of the officer must be such as affects his performance of his duties as an officer and not such only as affects his character as a private individual.' Mechem, Public Offices and Officers, § 457.

"See, also, Throop on Public Officers, § 366; and 22 RCL 571, where it is said:

" 'It must be a cause relating to and affecting the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The eccentric manner of an officer, his having an exaggerated notion of his own importance, indulgence in coarse language or talking loudly on the streets, however offensive, will not warrant any interference with his incumbency.' " (Emphasis in original.)

The foregoing definitions show that "official misconduct" has a technical meaning in the law which restricts its application to the conduct of "public officers".

The record shows that plaintiff was a mere sanitation worker, essentially a garbage collector. Plaintiff was not a "public officer" under any definition of that term. Compare *People ex rel Throop v Langdon,* 40 Mich 673, 682-683 (1879); *Attorney General ex rel Moreland v Common Council of Detroit,* 112 Mich 145, 152-153; 70 NW 450 (1897); *Marxer v Saginaw,* 270 Mich 256, 261-262; 258 NW 627 (1935); *People v Freedland,* 308 Mich 449, 456; 14 NW2d 62 (1944); *Solomon v Highland Park Civil Service Comm,* 64 Mich App 433, 438; 236 NW2d 94 (1975). Because plaintiff was not a "public officer", the circuit court did not err by holding that plaintiff could not commit "official misconduct".

Defendant's arguments to the contrary are un-

persuasive. Defendant claims that a construction of "official misconduct" which restricts it to behavior by "public officers" would render the inclusion of "official misconduct" in the statute unnecessary because Const 1963, art 5, § 10, also allows public officers to be removed for official misconduct. We cannot see how a claim that the construction we give to a statute would render it consistent with the constitution is a valid objection to that construction. Defendant points out that many officers are expressly excluded from the effect of the statute. However, not every public officer is excluded, and defendant's argument does not explain the statute's express reference to officers. Defendant claims that the statute expressly states that employees may be discharged for "official misconduct", and that therefore we ought to construe "official misconduct" so that employees may be guilty of it. However, what the statute actually states is that officers and employees may be discharged for a number of reasons, including "official misconduct". We cannot see why every reason for discharge stated in the statute must necessarily be applicable to both officers and employees. Defendant has not pointed to any principle of statutory construction requiring such a result, and we have been unable to find any.

Defendant points to a statement in *Sullivan v State Board of Tax Administration,* 290 Mich 664; 288 NW 300 (1939), that an employee subject to the veterans' preference act might be discharged for official misconduct, habitual, serious, or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of a felony, or incompetence. This statement is entitled to little weight because it is dicta and a mere paraphrase of the statute. It does not show that the *Sullivan*

Court gave any consideration to the problem presented here.

We note that employees subject to the veterans' preference act who commit misconduct relating to the duties of their employment may be discharged for serious or wilful neglect in the performance of duty; however, no such neglect was charged or found here.

In view of the foregoing, we need not address the other issues raised by defendant.

Affirmed.

HOOD, J., concurs in the result only.