LEWIS v FARMERS INSURANCE GROUP

Docket No. 84811. Submitted July 29, 1986, at Detroit. Decided
September 8, 1986.

Plaintiff, Robert Lewis, obtained what he believed to be a no-fault
insurance policy covering his automobile. He made a payment
of $50 towards his $325 annual premium, was issued a binder
of insurance which designated Northland Insurance Company
as the insurer and Northland Underwriters as the producing
agent, and was told that he would receive a payment booklet
within thirty days and before the binder's expiration date.
After failing to receive the payment booklet a month later,
plaintiff returned to the office where he obtained the binder
only to discover that the office was vacant. Several months
later, plaintiff suffered serious injuries in an accident involving
his automobile. Plaintiff's claim for insurance benefits was
denied by Northland Insurance Company on the basis that the
purported agent from whom plaintiff obtained his binder was
not an authorized agent and was in fact part of a large-scale
fraudulent scheme. Plaintiff filed an action against Northland
Insurance and Northland Underwriters, which was dismissed
upon those defendants' motion for summary judgment. Plaintiff
then filed a claim with the assigned claims facility. His claim
was assigned to Farmers Insurance Group. Farmers Insurance
Group denied coverage due to plaintiff's failure to maintain no-
fault insurance coverage on his automobile. Plaintiff filed suit
in the Wayne Circuit Court against defendant, Farmers Insur-
ance Group. The trial court, Helene N. White, J., denied
defendant's motion for summary judgment, ruling that, under
the no-fault act, plaintiff was not precluded from seeking
personal protection insurance benefits through the assigned
claims facility. Defendant appealed.

The Court of Appeals held:

1. The trial court erred in implying a good faith exception to

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq.

Am Jur 2d, Statutes §§ 142 et seq.

See the annotations in the Index to Annotations under No-fault
Insurance; Statutes.

a provision of the no-fault act which denies personal protection insurance benefits for accidental bodily injury if, at the time of the accident, the person seeking such benefits does not possess a valid no-fault insurance policy that extends coverage with respect to the motor vehicle involved in the accident.

2. The Court of Appeals further concluded that, even if such an exception could be found, the facts in this case would not merit application of such an exception.

Reversed.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — UNINSURED MOTORISTS.

The no-fault act provides that a person is not entitled to collect personal protection insurance benefits through the assigned claims facility if he is the owner or registrant of a motor vehicle which is involved in the accident resulting in the claim for benefits and does not possess the required no-fault automobile insurance coverage (MCL 500.3113[b]; MSA 24.13113[b]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature; no further construction is required or permitted where the language of a statute is clear.

*Draugelis, Ashton, Scully, Haynes, Mac Lean & Pollard* (by *Dennis F. Martini*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Mary Catherine Rentz*), for defendant.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

J. T. KALLMAN, J. Defendant, Farmers Insurance Group, appeals by leave granted from an order of the Wayne Circuit Court denying its motion for summary judgment in this action for no-fault insurance benefits. Farmers Insurance was assigned to provide coverage of plaintiff Robert Lewis' claim pursuant to § 3172 of the no-fault act, MCL

* Circuit judge, sitting on the Court of Appeals by assignment.

500.3172; MSA 24.13172. Farmers Insurance denied coverage to Lewis because it maintained that Lewis was the owner of a motor vehicle for which no security was in effect as required by the act. MCL 500.3113; MSA 24.13113. The question before us is whether there is a "good faith" exception to the requirements of the act.

On April 25, 1981, Lewis visited the office of a purported insurance agency and contracted to purchase a policy of no-fault insurance on his vehicle. He made a payment of $50 toward his $325 annual premium and was issued a binder of insurance which designated Northland Insurance Company as the insurer and Northland Underwriters as the producing agent. The binder indicated that it expired on October 25, 1981, or thirty days after the effective date of issuance, whichever came first. In this case, the effective date was April 25, 1981. Mr. Lewis was told that he would receive a payment booklet within thirty days.

About one month later, Lewis had not received his payment booklet and returned to the agent's office only to discover the office vacant and no person with knowledge of where the proprietors went. Mr. Lewis made no further attempts to contact his purported insurer or pay the premium.

On July 2, 1981, Lewis was seriously injured in a collision while driving his own automobile. He submitted a claim to Northland Insurance Company. The claim was denied because the purported agent from whom Lewis purchased his binder was not an authorized agent. Apparently, the unknown "agent" had been part of a large-scale fraud.

Mr. Lewis brought suit against Northland Insurance and Northland Underwriters, but summary judgment in favor of those defendants was subsequently granted. He also applied to the no-fault assigned claims facility for benefits. Defendant

Farmers Insurance was assigned to handle Lewis' claim. Farmers Insurance denied coverage due to Lewis's failure to maintain no-fault insurance on his own vehicle. Mr. Lewis then commenced the instant action.

MCL 500.3113; MSA 24.13113 provides in pertinent part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \*

(b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect.

This statutory provision represents a legislative policy to deny benefits to those whose uninsured vehicles are involved in accidents. *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231; 293 NW2d 594 (1980). The statutory distinction is a valid classification designed to encourage compliance with the no-fault act's insurance requirements. *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976). If a person is excluded from benefits under § 3113 of the act, he is precluded from assigned-claim benefits as well. *Cunningham v Citizens Ins Co of America,* 133 Mich App 471; 350 NW2d 283 (1984), lv den 422 Mich 915; 369 NW2d 192 (1985).

The plaintiff does not dispute that he is the owner of an uninsured motor vehicle which was involved in the collision which caused his injuries. However, he argues that, concomitant with the purposes of the no-fault act, a "good faith" exception to § 3113 should be implied.

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *Browder v International Fidelity Ins Co,* 413 Mich 603; 321 NW2d 668 (1982). The first criterion is the specific language of the statute. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579; 281 NW2d 454 (1979). When the statutory language is clear, no further construction is required or permitted. *Attard v Adamczyk,* 141 Mich App 246; 367 NW2d 75 (1985). Here, § 3113 of the no-fault act is clear—no benefits are permitted for the owner of a vehicle whose automobile has no policy in effect. The statute does not provide exceptions, and none can be judicially imposed. Accordingly, the circuit court erred in implying a "good faith" exception.

Moreover, even if such an exception could be found, the facts in the instant case would not merit application of the exception. The plaintiff's assertion that he in good faith believed he had obtained insurance is belied by his own deposition testimony. At the time he obtained the insurance binder, he paid only a small portion of the purported annual premium and was advised that a payment booklet would be soon forthcoming. When the booklet failed to arrive, he discovered the disappearance of his supposed insurance agent. Significantly, plaintiff made no further efforts to obtain his actual insurance policy, contact his insurer, or make further premium payments. Even if plaintiff believed that his initial $50 payment had been paid to Northland Insurance, that payment represented a proportion of the stated annual premium insufficient to afford coverage up to the time of the accident.

In conjunction with his good-faith argument, plaintiff asserts that the insurance binder consti-

tuted a valid policy of insurance until statutorily required notice of cancellation was issued. MCL 257.520(k); MSA 9.2220(k), MCL 500.2123; MSA 24.12123, MCL 500.3224(2); MSA 24.13224(2). However, the notice requirements do not apply to cancellations due to nonpayment of premiums. MCL 500.3212; MSA 24.13212. Since plaintiff's policy, if valid, would have nevertheless lapsed before the accident due to nonpayment, his argument is meritless.

For the foregoing reasons, the circuit court erred in denying defendant's motion for summary judgment. Accordingly, the circuit court is reversed.

Reversed.