WRIGHT v LEAGUE GENERAL INSURANCE COMPANY

Docket No. 97427. Submitted November 13, 1987, at Detroit. Decided
March 9, 1988.

Joseph L. Wright was injured when he was struck by a truck
insured by Allstate Insurance Company while he was attempt-
ing to push his disabled uninsured automobile from a traffic
lane on a public highway. Wright sought personal protection
benefits from League General Insurance Company under an
automobile no-fault insurance policy issued by League General
to his father-in-law. When those benefits were denied, Wright
commenced in Oakland Circuit Court an action seeking per-
sonal protection benefits against Allstate, League General and
the Department of State Assigned Claims Facility. Allstate,
League General and plaintiff each moved for summary disposi-
tion. The trial court, Fred M. Mester, J., granted Allstate's
motion, finding League General to be the priority insurer
because plaintiff was a resident in the household of his father-
in-law, and denied League General's motion, finding that it
could not be said as a matter of law that plaintiff was not
entitled to personal protection benefits. The trial court, thereaf-
ter, granted plaintiff's motion for a judgment in the amount of
personal protection benefits, interest and attorney fees. League
General appealed.

The Court of Appeals held:

The automobile no-fault insurance act provides that an in-
jured claimant is not entitled to personal protection benefits
where the claimant is the owner of an uninsured motor vehicle
and the uninsured vehicle is involved in the accident which
resulted in the injuries. Under the circumstances in this case,
plaintiff's uninsured motor vehicle was involved in the accident

REFERENCES

Am Jur 2d, Automobile Insurance §§ 35, 356, 359.

Uninsured motorist coverage: validity of exclusion of injuries sus-
tained by insured while occupying "owned" vehicle not insured
by policy. 30 ALR4th 172.

Validity of exclusion in automobile insurance policy precluding
recovery of no-fault benefit for injuries arising out of the owner-
ship, maintenance, or use of an uninsured vehicle owned by an
insured. 18 ALR4th 632.

within the meaning of that phrase as used in that statutory provision. Accordingly, plaintiff is not entitled to personal protection benefits.

Reversed.

INSURANCE — NO-FAULT — AUTOMOBILES — UNINSURED MOTOR VEHICLES — PERSONAL PROTECTION BENEFITS.

The owner of an uninsured motor vehicle who is struck and injured by another motor vehicle while attempting to push his disabled uninsured vehicle from a traffic lane of a public road is not entitled to be paid personal protection insurance benefits for those injuries, since under those circumstances his uninsured motor vehicle was involved in the accident in which the injury occurred within the meaning of the exclusion of personal protection benefits section of the automobile no-fault insurance act (MCL 500.3113; MSA 24.13113).

*Franklin G. Koory,* for plaintiff.

*Zweig & Lane, P.C.* (by *Edward M. Freeland* and *Donna A. Belletini*), for League General Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Warren R. Snyder,* Assistant Attorney General, for the Assigned Claims Facility.

Before: H. HOOD, P.J., and R. M. MAHER and J. B. SULLIVAN, JJ.

PER CURIAM. Plaintiff commenced this action for personal injury protection (PIP) insurance benefits against League General Insurance Company, Allstate Insurance Company and the Assigned Claims Facility. The parties filed motions for summary disposition pursuant to MCR 2.116(C)(10). League General appeals as of right from the circuit court's order entering judgment in the amount of $7,256.35 against League General and awarding plaintiff interest and reasonable attorney fees. We reverse.

The undisputed facts are that plaintiff was driving his uninsured vehicle when it ran out of gas. While plaintiff was coasting on the road, an oil tanker was in the same lane directly behind plaintiff's car. The driver of the tanker was aware that plaintiff was slowing down and had on his four-way flashers. Both vehicles stopped for a red light. Plaintiff exited from his vehicle for the purpose of pushing it off the road and onto a side street. Plaintiff then began to push the disabled vehicle. When the traffic light turned green, the oil tanker accelerated and struck the rear end of plaintiff's vehicle, which in turn knocked plaintiff to the ground. Upon impact, plaintiff's vehicle was pushed down the street. The tanker then drove over plaintiff's right leg.

Plaintiff sought personal protection insurance benefits from League General under an automobile insurance policy issued to plaintiff's father-in-law which was in effect at the time of the accident.[1] Plaintiff then commenced the instant action against League General, Allstate Insurance,[2] and the Assigned Claims Facility, seeking payment of personal protection benefits. All parties, except the Assigned Claims Facility, filed motions for summary disposition pursuant to MCR 2.116(C)(10). League General premised its motion on MCL 500.3113(b); MSA 24.13113(b), claiming that plaintiff was precluded from receiving personal protection insurance benefits because his uninsured vehicle was "involved in the accident" that injured him.

Following a hearing on the motions, the trial court granted both plaintiff's and Allstate's mo-

[1] Although initially disputed, the court subsequently determined that plaintiff was a resident relative in his father-in-law's household at the time of the accident.

[2] Allstate was the insurer of the oil tanker.

tions. League General was found to be the priority insurer, since plaintiff was a resident relative in his father-in-law's household. The court then denied League General's motion for summary disposition, concluding that it would not determine as a matter of law that the plaintiff's car was parked in such a way as to cause an unreasonable risk or that plaintiff was not entitled to no-fault benefits.

Plaintiff then filed a motion for summary disposition requesting that the lower court enter a judgment in the amount of PIP benefits due plus penalty interest, MCL 500.3142(2); MSA 24.13142, and attorney fees, MCL 500.3148; MSA 24.13148.

Following a hearing, the court granted plaintiff's motion for summary disposition, including plaintiff's request for interest and attorney fees.

Defendant Assigned Claims Facility has filed a brief on appeal which supports in general the position taken by Lague General.

On appeal, League General argues that plaintiff's uninsured vehicle was involved in the accident within the meaning of MCL 500.3113(b); MSA 24.13113(b), thereby precluding him from receiving personal protection insurance benefits. In addition, League General contends that the trial court erred in awarding attorney fees to plaintiff pursuant to MCL 500.3148(1); MSA 24.13148(1). We agree with defendant in both respects.

The issue to be resolved in this case is whether plaintiff's uninsured motor vehicle was involved in the accident within the meaning of MCL 500.3113(b); MSA 24.13113(b), thereby precluding plaintiff from obtaining PIP benefits from defendant. We hold that plaintiff's uninsured vehicle was involved in the accident. Thus, plaintiff, as an uninsured motorist, was not entitled to PIP benefits. MCL 500.3113(b); MSA 24.13113(b).

Michigan's no-fault insurance act requires all

owners of motor vehicles to maintain personal protection insurance, property protection insurance and residual liability insurance. MCL 500.3101(1); MSA 24.13101(1). The act provides that an insurer is liable to pay personal protection insurance benefits for "accidental injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."[3] MCL 500.3105(1); MSA 24.13105(1). In *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978), cert den sub nom *Allstate Ins Co v Attorney General,* 442 US 934 (1979), our Supreme Court stated:

> The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses.

The priority provisions of the act are designed to help implement these goals. *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565, 575; 357 NW2d 652 (1984). The no-fault act is remedial in nature and must be liberally construed in favor of persons intended to benefit thereby. *Gobler v Auto-Owners Ins Co,* 428 Mich 51, 61; 604 NW2d 199 (1987).

As a corollary, the act provides for certain exclusions for those who are uninsured. MCL 500.3113; MSA 24.13113 sets forth three circumstances whereby a person would not be entitled to be paid personal protection insurance benefits for accidental bodily injury. At issue is subsection (b):

> A person is not entitled to be paid personal

---

[3] If a person is a pedestrian, he is awarded personal protection insurance benefits pursuant to the priorities established in MCL 500.3115(1); MSA 24.13115(1).

protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \*

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

This provision reflects a legislative policy to deny benefits to those whose uninsured vehicles are involved in accidents. *Lewis v Farmers Ins Group,* 154 Mich App 324, 327; 397 NW2d 297 (1986), citing *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231; 293 NW2d 594 (1980). However, the disqualification of an uninsured owner is not absolute. *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139, 145; 324 NW2d 1 (1982), reh den 414 Mich 1111 (1982).

The act also provides a parked vehicle exception. A parked uninsured vehicle is like a tree or pole for purposes of the no-fault act and is, therefore, not "involved" in the accident for purposes of § 3113 unless one of the exceptions to the parked vehicle provision, § 3106, is applicable. *Heard, supra* at 144, 147-149. In *Miller v Auto-Owners Ins Co,* 411 Mich 633, 639-641; 309 NW2d 544 (1981), the Supreme Court stated the following regarding § 3106:

> The policy underlying the parking exclusion is not so obvious but, once discerned, is comparably definite. Injuries involving parked vehicles do not normally involve the vehicle *as a motor vehicle.* Injuries involving parked vehicles typically involve the vehicle in much the same way as any other stationary object (such as a tree, sign post or boulder) would be involved. There is nothing about a parked vehicle *as a motor vehicle* that would bear on the accident.

The stated exceptions to the parking exclusion clarify and reinforce this construction of the exclusion. Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents.

\* \* \*

Each of the exceptions to the parking exclusion thus describes an instance where, although the vehicle is parked, its involvement in an accident is nonetheless directly related to its character as a motor vehicle. The underlying policy of the parking exclusion is that, except in three general types of situations, a parked car is not involved in an accident *as a motor vehicle.* It is therefore inappropriate to compensate injuries arising from its non-vehicular involvement in an accident within a system designed to compensate injuries involving motor vehicles as motor vehicles. [Emphasis in original.]

League General argues that, since plaintiff's vehicle was in use as a motor vehicle on the roadway, it had not attained a status akin to a stationary roadside object. League General claims further that plaintiff cannot seriously argue that his vehicle was "parked" at the time of the accident, since plaintiff's vehicle was actually moving on the roadway, albeit by virtue of plaintiff's pushing the vehicle.

We agree that under these facts plaintiff's car was not parked, thus rendering § 3106 inapplicable. We conclude that logic dictates that a moving vehicle is not parked, nor is it akin to stationary objects.[4]

---

[4] We disagree with plaintiff's argument that in order for a vehicle to be "used as a motor vheicle," "the vehicle must be moving by power imparted from a source other than muscular power." Plaintiff's construction of MCL 500.3101(2)(c); MSA 24.13101(2)(c) is incorrect.

Plaintiff does not dispute that he is the owner of the vehicle or that it is uninsured. Rather, he argues that his vehicle was not involved in the accident within the meaning of § 3113.

In *Heard, supra,* the Supreme Court wrestled with the meaning of the phrase involved in the accident as set forth in § 3113. The Court concluded the meaning "cannot be determined by abstract reasoning or resort to dictionary definitions" but, instead, depends on the meaning derived from the purpose and structure of the no-fault act. *Heard, supra* at 147.

Contrary to League General's contention, the phrase involved in the accident should be consistently construed throughout the no-fault act, *Dussia v Monroe Co Employees Retirement System,* 386 Mich 244, 248; 191 NW2d 307 (1971); *Grand Rapids v Crocker,* 219 Mich 178, 182-183; 189 NW 221 (1922), and, consequently, cases which construe the phrase under § 3115 of the act would be applicable to § 3113. In *Stonewall Ins Group v Farmers Ins Group,* 128 Mich App 307, 309; 340 NW2d 71 (1983), this Court construed the meaning of this phrase as it is used in § 3115(1) and quoted the trial court with approval:

> "[T]here has to be a link in the chain of circumstances that somehow has to be sort of an active link as opposed to a passive link. While it would *not* go so far as *fault,* there must be some sort of activity that somehow contributes in the happening of the accident." [Emphasis in *Stonewall.*]

See also *Brasher v Auto Club Ins Ass'n,* 152 Mich

---

Since plaintiff's vehicle was designed for operation upon a highway by power other than muscular power and had more than two wheels, it is irrelevant under § 3101(2)(c) that he was pushing the vehicle. Plaintiff's vehicle is properly considered a motor vehicle under the act.

App 544; 393 NW2d 881 (1986); *Bachman v Progressive Casualty Ins Co,* 135 Mich App 641; 354 NW2d 292 (1984).

Plaintiff contends that his car did not contribute to the happening of the accident. Rather, the sole cause of his injury was the oil tanker driver's inattentiveness. However, we believe that plaintiff's car was an "active link" in the chain of circumstances causing the oil tanker to drive over his leg. Plaintiff was operating his vehicle when it ran out of gas and stalled on the roadway. Plaintiff then began pushing his vehicle, which was wholly in the lane of traffic, while reaching in the driver's side window to steer. When his vehicle was struck in the rear, the impact pushed the vehicle forward which knocked plaintiff away from the vehicle and onto the ground where the oil tanker ran over plaintiff's leg. We find that plaintiff's vehicle was involved in the accident and that such an interpretation gives effect to the intent of the Legislature, which is to deny benefits to those whose uninsured vehicles are involved in accidents. *Lewis, supra; Browder v International Fidelity Ins Co,* 413 Mich 603; 321 NW2d 668 (1982). Accordingly, we conclude that plaintiff is not entitled to personal protection insurance benefits because plaintiff's uninsured vehicle was involved in the accident that resulted in his bodily injury. MCL 500.3113(b); MSA 24.3113(b).

We also reverse the trial court's order awarding attorney fees to plaintiff. MCL 500.3148; MSA 24.13148. Section 3148 of the no-fault act permits a court to award attorney fees for unreasonable refusal or unreasonable delay in making payments. However, a refusal or delay by an insurer will not be found "unreasonable" within the meaning of § 3148 where the delay is the result of a legitimate question of statutory construction, con-

stitutional law, or a bona fide factual uncertainty. *Gobler v Auto-Owners Ins Co*, 428 Mich 51, 66; 404 NW2d 199 (1987); *Kondratek v Auto Club Ins Ass'n*, 163 Mich App 634, 638; 414 NW2d 903 (1987).

In view of our decision that plaintiff is not entitled to no-fault benefits, we conclude that the court's finding of unreasonable refusal or delay in payment is clearly erroneous. *Kondratek, supra* at 638. Accordingly, we reverse.

Reversed.