Per Curiam.
Plaintiff insurer appeals as of right from an order granting defendant insurer summary disposition pursuant to MCR 2.116(C)(10) in this insurance case. We reverse and remand.
i
This case stems from an accident that occurred when Ibrahim Mroue, while operating a rented truck, struck real and personal property owned by Mroue’s business. The accident caused $61,879.81 worth of damage, which plaintiff paid to Mroue. Upon payment, plaintiff became subrogated to the rights of Mroue against defendant, the insurer of the truck. Plaintiff filed a complaint alleging that the vehicle insurance policy the rental company had on the truck should provide indemnification to plaintiff for the amount it paid to Mroue for the damage to the real property.[1]
Defendant filed a motion for summary disposition asserting that pursuant to subsection 3123(l)(b) of the no-fault act, MCL 500.3123(l)(b); MSA 24.13123(l)(b), Mroue was precluded from coverage because Mroue owned the property that was damaged, he was the named person under the property protection insurance coverage through defendant, and he was the operator of the vehicle that caused the damage. Defendant further argued that because Mroue could not recover from defendant, neither could plaintiff, as Mroue’s subrogee.
*467 In response, plaintiff argued that Mroue was not “named” in defendant’s policy and that, therefore, the no-fault property protection benefits exclusion contained in subsection 3123(l)(b) did not apply. Plaintiff also argued that even if Mroue was the named insured in defendant’s policy, the statutory exclusion does not apply in a commercial setting.
At a hearing held on defendant’s motion, the trial court found that Mroue was the named insured of the policy with defendant and that § 3123 was not limited to situations involving residential property. The court concluded that because Mroue could not collect under defendant’s no-fault insurance policy, plaintiff also could not collect. The court thus granted defendant’s motion for summary disposition. Plaintiff now appeals.
n
This Court reviews de novo a trial court’s grant or denial of a motion for summary disposition. Hawkins v Mercy Health Services, Inc, 230 Mich App 315, 324; 583 NW2d 725 (1998). When reviewing a motion for summary disposition brought pursuant to MCR 2.116(C)(10), we consider all documentary evidence available to us in a light most favorable to the non-moving party in order to determine whether there is a genuine issue with respect to any material fact. Id.
In the present case, plaintiff was Mroue’s insurer and paid Mroue for the damage to his property. Plaintiff filed suit as subrogee of Mroue. As subrogee, plaintiff has no greater rights against defendant than Mroue. Commercial Union Ins Co v Medical Protective Co, 426 Mich 109, 117; 393 NW2d 479 (1986). *468 Accordingly, we must determine Mroue’s rights under the no-fault act.
A
A no-fault insurer is required to pay property protection insurance benefits for damage to tangible personal property. MCL 500.3121; MSA 24.13121; Heard v State Farm Mut Automobile Ins Co, 414 Mich 139, 150; 324 NW2d 1 (1982). However, there are certain statutory exceptions to a no-fault insurer’s liability to pay property protection benefits. Turner v Auto Club Ins Ass’n, 448 Mich 22, 28-29; 528 NW2d 681 (1995). At issue here is the exception that provides as follows:
(1) Damage to the following kinds of property is excluded from property protection insurance benefits:
* * *
(b) Properly owned by a person named in a property protection insurance policy, the person’s spouse or a relative of either domiciled in the same household, if the person named, the person’s spouse, or the relative was the owner, registrant, or operator of a vehicle involved in the motor vehicle accident out of which the property damage arose. [MCL 500.3123; MSA 24.13123.]
Plaintiff argues that subsection 3123(l)(b) does not preclude plaintiff from recovering no-fault property protection insurance benefits because Mroue was not a person named in defendant’s policy. We agree.
B
A fundamental rule of statutory construction is to ascertain the purpose and intent of the Legislature. Farrington v Total Petroleum, Inc, 442 Mich 201, 212; *469 501 NW2d 76 (1993). In ascertaining the purpose and intent of the Legislature, courts must first look to the language of the statute itself, because the Legislature is presumed to have intended the meaning it plainly expressed. Indenbaum v Michigan Bd of Medicine (After Remand), 213 Mich App 263, 270; 539 NW2d 574 (1995). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. Id. In addition, the entire no-fault act “ ‘must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.’ ” Michigan Mut Ins Co v Farm Bureau Ins Group, 183 Mich App 626, 631-632; 455 NW2d 352 (1990), quoting Grand Rapids v Crocker, 219 Mich 178, 182-183; 189 NW 221 (1922), and citing Wright v League General Ins Co, 167 Mich App 238, 245; 421 NW2d 647 (1988).
In at least three previous cases, this Court has held that the phrase “the person named in the policy” is synonymous with the term “named insured.” See Cvengros v Farm Bureau Ins, 216 Mich App 261; 548 NW2d 698 (1996), Transamerica Ins Corp of America v Hastings Mut Ins Co, 185 Mich App 249; 460 NW2d 291 (1990), and Dairyland Ins Co v Auto-Owners Ins Co, 123 Mich App 675; 333 NW2d 322 (1983). We find that this interpretation of the phrase “person named in the policy” for purposes of MCL 500.3123(l)(b); MSA 24.13123(l)(b) will not conflict with other portions of the statute that contain the same phrase, and will be construed consistently throughout the act. See Michigan Mut, supra at 632; Wright, supra at 245.
*470 c
Turning to the facts before us, we note that the rental agreement between Mroue and Andrew Chair Rental, the “dispatching dealer,” designates Mroue as the driver. Defendant’s addendum to Ryder’s policy clearly indicates that Mroue was not a “named insured.” To the contrary, the addendum clearly indicates that the renter, Mroue, rented from the named insured. Accordingly, we hold that Mroue was not a named insured and, as a result, he was not a “person named in the policy.” Cvengros, supra at 264; Transamerica Ins, supra at 254; Dairyland, supra at 686. Because plaintiff is not precluded from recovery under subsection 3123(l)(b), the trial court erred in granting defendant’s motion for summary disposition.
m
Because of the disposition of this issue, it is unnecessary for this Court to address plaintiff’s remaining issue.
Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

 Plaintiff also named Old Republic Minnehoma Insurance Company and Ryder Truck Rental, Inc., as defendants. Both were later dismissed by stipulation of the parties.