*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

BRONSON HEALTH CARE GROUP, INC.,

      Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
August 20, 2025
10:51 AM

No. 371377
Kalamazoo Circuit Court
LC No. 23-0097-NF

Before: O'BRIEN, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In June 2021, Ray Forney was involved in a motor vehicle accident. He was driving a 2015 Chevrolet Silverado pickup truck at the time. Forney was injured in the accident and received treatment from plaintiff. Forney told plaintiff that his no-fault insurance was through defendant. Plaintiff accordingly submitted bills for Forney's treatment to defendant. Although defendant initially paid some bills, it denied coverage in November 2022, asserting that treatment rendered after August 8, 2022 was unrelated to the accident.

Plaintiff filed suit,[1] seeking personal protection insurance (PIP) benefits from defendant for Forney's injuries related to the accident. During his deposition, Forney agreed that the Silverado was not listed as a "covered auto" on the automobile insurance policy issued to him by defendant. Forney stated that he had believed that the Silverado was insured by defendant, but he

---

[1] MCL 500.3112 permits a health care provider to make a claim against an insurer to recover PIP benefits payable to an injured person under an automobile insurance policy.

also stated that he had purchased an "unladen liability" insurance policy from Northwoods Insurance, Inc.[2] when he leased the Silverado to a company for which he was working as a subcontractor.

Defendant moved for summary disposition under MCR 2.116(C)(10) in February 2024, noting that the Silverado was not a covered auto under the policy issued by defendant and arguing that Forney (and by extension plaintiff) was not entitled to claim PIP benefits from defendant for one of two reasons: either (1) Forney's Silverado was "uninsured" under the Michigan no-fault act, because the Northwoods policy did not provide for the payment of PIP benefits or (2) if Forney's Silverado was found to be insured by virtue of the Northwoods policy, the "owned-vehicle exclusion" in defendant's policy applied to Forney's claim for PIP benefits. Defendant's motion was accompanied by a both the Northwoods policy and a Certificate of Liability Insurance prepared by Northwoods Insurance. In a section labeled "Description of Operations/Locations/Vehicles," the Certificate of Liability contained the following statement: "Michigan No Fault included per statutory requirements." The Northwoods policy itself appears to contain no provisions for payment of PIP benefits or other requirements of the Michigan no-fault act. Defendant also accompanied its motion with a log note from a claims adjuster stating that the adjuster had contacted Northwoods Insurance and had been "advised there is no pip on their end."

The trial court held a hearing on defendant's motion. After hearing oral arguments, the trial court found that a factual question existed regarding whether the Silverado had been insured under the Northwoods policy so as to satisfy the requirements of the Michigan no-fault act. However, the trial court found that summary disposition was still appropriate because the "owned-auto exclusion" in the policy of insurance issued by defendant excluded the Silverado from coverage. The trial court entered an order granting defendant's motion for summary disposition. The trial court subsequently denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. The trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion" to determine whether a genuine issue of material fact exists, or whether a party is entitled to judgment as a matter of law. *Id*. There is a genuine issue of material fact when "the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

We review de novo the interpretation of statutes and contracts. *State Farm Mut Auto Ins Co v Estate of Fortin*, ___ Mich App ___, ____; ___ NW3d ___ (2024) (Docket No. 363755); slip op at 3. "[I]nsurance policies are interpreted like any other contract." *Meemic Ins Co v Fortson*, 506 Mich 287, 297; 954 NW2d 115 (2020). However, policy provisions and interpretations that

---

[2] Northwoods Insurance, which is headquartered in Indiana, was not a party to the proceedings below.

conflict with the provisions contained in the no-fault act, MCL 500.3010 *et seq.*, are invalid. See *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012).

III. ANALYSIS

Plaintiff argues that the trial court erred by holding that the "owned-vehicle exclusion" in Forney's policy barred coverage for PIP benefits. We agree.

The purpose of the no-fault act is to "provide accident victims with assured, adequate and prompt reparations at the lowest cost to both the individuals and the no-fault system." *Williams v AAA Michigan*, 250 Mich App 249, 257; 646 NW2d 476 (2002)." Under the no-fault act, automobile insurers are required to provide first-party insurance benefits (PIP benefits) for certain expenses and losses. See MCL 500.3107; MCL 500.3108. Owners or registrants of a motor vehicle in Michigan are required to "maintain security for payment of benefits under personal protection insurance and property protection insurance," and that security is "required to be in effect during the period the motor vehicle is driven or moved on a highway." See MCL 500.3101(1). A person may not claim PIP benefits if he or she "was the owner or registrant of a motor vehicle . . . involved in [an] accident with respect to which the security required by [MCL 500.3101(1)] was in not effect.". MCL 500.3113(b); see also *Monaco v Home-Owners Ins Co*, 317 Mich App 738, 746; 896 NW2d 32 (2016).

PIP benefits are mandated under the no-fault act; therefore, "the statute is the 'rule book' for deciding the issues involved in questions regarding awarding those benefits." *MemberSelect Ins Co v Hartford Accident and Indemnity Co*, 343 Mich App 377, 380-381; 997 NW2d 267 (2022). "In other words, when there is a conflict between the language of a policy and the no-fault statute, the statute wins." *Id.* at 381.

MCL 500.3114(1) provides that, apart from certain exceptions not relevant here, "a personal protection insurance policy described in [MCL 500.3101(1)] applies to accidental bodily injury to the person named in the policy . . . if the injury arises from a motor vehicle accident." It is clear that Forney satisfies the requirements of MCL 500.3114(1), in that he is a "person named in the policy" who was injured in a motor vehicle accident.

Nonetheless, in this case, the policy issued by defendant to Forney contained an "owned-vehicle exclusion" that stated in relevant part that defendant would not provide PIP benefits for bodily injury "to you while occupying, or struck by while not occupying, any auto owned or registered to you which is not your covered auto." "You" is defined in the policy as "the named insured shown in the Declarations," i.e., Forney. The policy exclusion thus denies PIP benefits when a named insured is injured in an accident (involving an auto of which he is the owner or registrant) that is not listed as a covered auto in the policy. It is undisputed that the Silverado being driven by Forney at the time of the accident was not a "covered auto" under the policy, and that Forney was the owner or registrant of the Silverado.

In *MemberSelect*, this Court interpreted MCL 500.3114(1) and held that the defendant insurer must provide PIP coverage for the insured named in the policy despite the fact that the policy contained a provision that PIP coverage only applied to "covered autos" and the insured's injury resulted from a motor vehicle accident involving a non-covered auto. *MemberSelect*, 343

Mich App at 383. This Court held that the plain language of MCL 500.3114(1) invalided the exclusion, concluding that "[i]f insurers try to avoid the provision of mandatory no-fault benefits, their policies must be read to conform with the statutes. [Defendant] attempted to avoid its duty to provide PIP coverage for the insured named in its policy. This was not permitted under the no-fault act." *Id.* at 387.

The exclusion at issue in this case is a somewhat narrower exclusion than that at issue in *MemberSelect*, in that it denies PIP benefits only when the named insured is the owner or registrant of the involved non-covered auto. Nonetheless, the holding of *MemberSelect* compels the same result. *MemberSelect*, 343 Mich App at 387. MCL 500.3114(1) provides that Forney is entitled to PIP benefits from defendant unless another statutory provision deprives him of those benefits. Defendant's policy language, therefore, cannot override his (or through him, plaintiff's) entitlement to those benefits, and the trial court accordingly erred by granting summary disposition to defendant on the basis of this policy exclusion.

Defendant argues, as an alternate ground for affirmance,[3] that plaintiff did not establish a genuine issue of material fact regarding whether the Northwoods insurance policy satisfied the requirements of MCL 500.3101(1). We disagree.

The parties do not dispute that Forney was the owner or registrant of the Silverado involved in the accident; nor do they dispute that the Silverado was not a covered auto under defendant's insurance policy. Therefore, for Forney (and by assignment, plaintiff) to be able to claim PIP benefits from *any* automobile insurer, the Silverado must have been covered by an insurance policy that provided "security for payment of benefits under personal protection insurance and property protection insurance." MCL 500.3101(1). Plaintiff argues that the Northwoods unladen liability policy was such a policy. The trial court found that a factual question existed regarding whether that policy satisfied the requirements of MCL 500.3101(1).

Although the evidence provided to the trial court regarding the specifics of the Northwoods insurance policy was arguably somewhat thin, viewed in the light most favorable to plaintiff, reasonable minds at this juncture could differ regarding whether the Northwoods policy satisfied the requirements of MCL 500.3101(1), and accordingly whether Forney (and plaintiff) are barred by MCL 500.3113(b) from recovering PIP benefits from any insurer. *El-Khalil*, 504 Mich at 159. At this stage of the proceedings, the trial court did not err by finding that a factual question existed regarding the coverage provided by the Northwoods policy. We make no finding, however, as to whether the Northwoods policy *does* satisfy MCL 500.3101(1), and we note that, because Forney was the owner or registrant of the Silverado, and his injuries arose out of the use or operation of the Silverado as a motor vehicle, a necessary precondition to plaintiff's recovery of PIP benefits from defendant (or any other insurer) is that the Silverado was covered by a policy that provides for the payment of PIP benefits and satisfies the requirements of MCL 500.3101(1). There is no

---

[3] See *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) ("It is well established than an appellee who has taken no cross appeal may still urge in support of the judgment in its favor reasons that were rejected by the lower court. . . . [A]n appellee that has not sought to cross appeal cannot obtain a decision more favorable than was rendered by the lower tribunal.") (citations and internal quotations omitted).

"good faith" exception to MCL 500.3113. *Lew v Farmers Ins Grp*, 154 Mich App 324, 328; 397 NW2d 297 (1986).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra
/s/ Randy J. Wallace