STONEWALL INSURANCE GROUP v FARMERS INSURANCE
GROUP

Docket No. 63662. Submitted February 15, 1983, at Detroit.—Decided
  May 11, 1983.
  Richard A. Van Dyke, operating his vehicle in the City of Detroit,
    swerved to avoid a collision with a vehicle operated by Karen
    Yaeger and, in doing so, struck a bicyclist, Edgar T. Pendleton.
    Van Dyke's insurer, Stonewall Insurance Group, paid personal
    injury protection benefits to Pendleton and brought an action
    for contribution against Farmers Insurance Group, the insurer
    of the Yaeger vehicle. The Wayne Circuit Court, Sharon T.
    Finch, J., in a bench trial, found that the Yaeger vehicle was
    not "involved in the accident" within the meaning of the no-
    fault insurance statute and entered a judgment of no cause of
    action in favor of Farmers. Plaintiff appeals, alleging that the
    trial court improperly injected principles of fault and negli-
    gence into its interpretation of the statute. *Held:*
        The trial court was aware that fault was not an issue to be
    determined in resolving the question of involvement. The trial
    court's findings of fact were not clearly erroneous, giving due
    regard to the special opportunity of the trial court to judge the
    credibility of the witnesses.
        Affirmed.

INSURANCE — NO-FAULT INSURANCE — FAULT — INVOLVEMENT IN
  ACCIDENT.
  Fault is not an issue to be resolved in a determination of whether
    a vehicle was "involved" in an accident for purposes of the
    automobile no-fault insurance act (MCL 500.3115[1]; MSA
    24.13115[1]).

*Taylor & Braun, P.C.* (by *Richard L. Braun, II*),
for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 398.
Validity and construction of "no-fault" automobile insurance plans.
  42 ALR3d 229.

*Harvey, Kruse & Westen, P.C.* (by *Mark D. Shoup* and *Mark A. Hypnar*), for defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and GRIBBS, JJ.

PER CURIAM. This action is for contribution brought by plaintiff against defendant, pursuant to MCL 500.3115; MSA 24.13115, to recover one-half of certain personal injury protection (PIP) benefits paid by plaintiff to Edgar T. Pendleton, a bicyclist who was struck by plaintiff's insured, Richard A. Van Dyke. Defendant is the insurer of a vehicle operated by Karen Yaeger.

At the time of the occurrence, the Van Dyke vehicle was proceeding in a northwesterly direction on Grand River Avenue near its intersection with McNichols Road in the City of Detroit. The Yaeger vehicle was proceeding in a south-easterly direction on Grand River. Yaeger had positioned her car within the intersection and was waiting for the traffic to clear so she could complete her left-hand turn onto McNichols Road.

Van Dyke, upon being confronted with the Yaeger vehicle facing him as he proceeded through the intersection, swerved sharply to his left to avoid a collision with Yaeger. Both drivers agreed that the vehicles very nearly collided and came within one to four feet of contacting one another. After swerving to his left to avoid a collision with Yaeger, Van Dyke struck Pendleton who was crossing McNichols Road. Pendleton was not insured under any automobile insurance policy at the time of the accident. As a result, plaintiff provided PIP benefits to the extent of $112,207.46 as of February 2, 1982.

An action for contribution was commenced, in which the court, following a bench trial, entered a

judgment of no cause of action in favor of defendant. Plaintiff appeals as of right.

The sole issue on appeal is whether the trial court was correct in its determination that the Yaeger vehicle was not "involved in the accident" within the meaning of MCL 500.3115(1); MSA 24.13115(1).

Plaintiff contends that the court improperly injected tort principles of fault and negligence in interpreting said clause. We disagree. Our review of the record reveals that the trial court was cognizant that fault was not an issue to be determined in resolving the question of involvement within the meaning of § 3115(1).

The court stated:

"The question here is *totally* the involvement of the vehicle of the defendant's insured, Karen Yaeger, now Karen Swartz.

"The parties after considerable testimony, voluminous exhibits, and lengthy argument basically seem to agree in theory on what involved would be in a situation like this. They disagree on the facts leading to this and the interpretation of the facts, but they both seem to agree that it requires something more than just being there. It requires being there. And we all know that *fault isn't involved,* but it involves somehow being there and by being there causing the driver who had the actual accident to have it or contributing to his actions in some way." (Emphasis supplied.)

Furthermore, the court went on to state:

"I would say that I would agree that there has to be a link in the chain of circumstances that somehow has to be sort ·of an active link as opposed to a passive link. While it would *not* go so far as *fault,* there must be some sort of activity that somehow contributes in the happening of the accident." (Emphasis supplied.)

Moreover, the court found factually that Yaeger was not moving into Van Dyke's lane, blocking his lane, or doing anything other than probably turning her wheels and having her signal on. We hold these findings of fact were not clearly erroneous, giving due regard to the special opportunity of the court to judge the credibility of the witnesses. *Trail Clinic, PC v Bloch,* 114 Mich App 700; 319 NW2d 638 (1982). Based upon these findings of fact, we further hold that the trial court's conclusion of law that the Yaeger vehicle was not "involved in the accident" within the meaning of § 3115 was correct.

Affirmed. Costs to appellee.