BACHMAN v PROGRESSIVE CASUALTY INSURANCE COMPANY

Docket No. 69786. Submitted March 7, 1984, at Detroit.—Decided May 7, 1984.

Robert Bachman brought an action in the Wayne Circuit Court against Progressive Casualty Insurance Company for the recovery of no-fault benefits following an accident in which Bachman's motorcycle struck a vehicle insured by Progressive which was waiting at a stoplight to make a left-hand turn. The passenger on the motorcycle was thrown as a result of the collision and landed on another vehicle stopped at the stoplight in the lane adjacent to the vehicle struck by the motorcycle. The second vehicle was insured by Farmers Insurance Group. Progressive paid no-fault benefits to Bachman, who discontinued his suit, and Progressive initiated a third-party action against Farmers seeking contribution for the no-fault benefits paid to Bachman. The trial court, Lucile A. Watts, J., thereafter granted Farmers a summary judgment following its determination that the vehicle insured by Farmers was not a motor vehicle "involved in the accident" within the meaning of § 3115(1) of the no-fault act. Progressive appeals. *Held:*

The trial court correctly determined that the vehicle insured by Farmers was not "involved in the accident" within the meaning of § 3115(1) of the no-fault act. There was no activity with respect to that vehicle which somehow contributed to the happening of the accident.

Affirmed.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — "INVOLVED IN ACCIDENT".

There must be some activity in regard to a motor vehicle which somehow contributes to the happening of an accident in order for that motor vehicle to be determined to be a motor vehicle "involved in the accident" for purposes of the no-fault insurance provision regarding claims for benefits by a person suffer-

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 351, 354.

Validity and construction of no-fault automobile insurance plans. 42 ALR3d 229.

ing accidental bodily injury while not an occupant of a motor vehicle (MCL 500.3115[1]; MSA 24.13115[1]).

*William J. Eaton,* for Progressive Casualty Insurance Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas F. Kauza),* for Farmers Insurance Group.

Before: GRIBBS, P.J., and T. M. BURNS and H. E. DEMING,* JJ.

PER CURIAM. Appellant, Progressive Casualty Insurance Company, initiated a third-party action against appellee, Farmers Insurance Group, for contribution of no-fault benefits Progressive paid to an injured plaintiff. The trial court granted summary judgment on essentially undisputed facts in favor of Farmers, and Progressive appeals.

Progressive was sued by plaintiff, Robert Bachman, for recovery of first-party no-fault benefits arising out of a motorcycle accident. Two cars, a Dodge and a Grand Prix, were present at the scene of the accident. Progressive insured the Dodge; Farmers insured the Grand Prix. Neither Bachman nor any member of his household owned a vehicle covered by no-fault insurance at the time of the accident.

Robert Bachman was driving his motorcycle westbound on Plymouth Road. His wife, Sherry Bachman, was a passenger. The Dodge was facing eastward in the left-hand turn lane at a light on Plymouth Road, waiting to turn left on Outer Drive. The Grand Prix, also facing eastward, was stopped at the light in the lane adjacent to the Dodge. The motorcycle, traveling westbound, switched lanes toward the left turn lane and col-

* Circuit judge, sitting on the Court of Appeals by assignment.

lided with the Dodge. Sherry Bachman was thrown from the motorcycle and landed on the Grand Prix. Progressive, the insurer of the Dodge, paid no-fault benefits to Bachman, who discontinued his suit. Farmers, the Grand Prix insurer, voluntarily paid one-half of Sherry Bachman's no-fault benefits. In Progressive's third-party action against Farmers, the trial court granted summary judgment for Farmers, finding that the Grand Prix was not "involved in the accident" within the meaning of MCL 500.3115(1); MSA 24.13115(1). The only issue on appeal is whether or not the trial court correctly interpreted and applied the statute when granting summary judgment.

We initially note that the Grand Prix was not a parked vehicle. Thus, the Supreme Court's discussion of involvement of a parked vehicle in *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139; 324 NW2d 1, *reh den* 414 Mich 1111 (1982), is not particularly helpful.

The facts underlying this appeal are more akin to the circumstances in *Stonewall Ins Group v Farmers Ins Group,* 128 Mich App 307; 340 NW2d 71 (1983). In *Stonewall,* a bicyclist was struck by a vehicle insured by the third-party plaintiff. The third-party defendant was the insurer of a vehicle standing in an intersection to make a left-hand turn. Plaintiff's insured vehicle swerved to avoid a collision with defendant's insured vehicle. The vehicles did not collide, but plaintiff's insured vehicle struck the bicyclist. In affirming the trial court's findings and conclusion of law, this Court agreed that the defendant's vehicle was not "involved in the accident" and quoted the trial court with approval: "[T]here must be some sort of activity that somehow contributes in the happening of the accident." *Stonewall, supra,* p 309.

In this case, there was no activity, with respect to the Grand Prix, which somehow contributed to the happening of the accident. The trial court correctly determined that the Grand Prix was not "involved in the accident" within the meaning of MCL 500.3115(1); MSA 24.13115(1).

Affirmed.