BRASHER v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 85688. Submitted February 12, 1986, at Detroit. Decided
March 28, 1986.

Deborah L. Brasher was walking along a sidewalk when a colli-
sion between automobiles occurred in an intersection near her.
One automobile, insured by Auto Club Insurance Association,
veered from the impact and struck Brasher. The other automo-
bile, insured by State Farm Fire and Casualty Company, veered
from the impact and struck a third automobile, insured by
Liberty Mutual Insurance Company, which had been stopped
for the traffic signal at the intersection. Brasher filed suit
against the three insurance companies in Wayne Circuit Court
seeking no-fault benefits. Auto Club and State Farm paid
$48,797.40 in medical expenses and settled the rest of Brasher's
claim for $33,000. Auto Club and State Farm then filed cross
claims seeking indemnification and contribution from Liberty
Mutual, arguing that the vehicle insured by Liberty Mutual
was also involved in the accident for purposes of the no-fault
automobile insurance act. The court, James Montante, J.,
granted summary judgment in favor of Auto Club and State
Farm. Liberty Mutual appealed. *Held:*

In order for a vehicle to be involved in an accident within the
meaning of the section of the no-fault act at issue, there must
be some activity, with respect to the vehicle, which somehow
contributes to the happening of the accident. The automobile
insured by Liberty Mutual was not involved in the activity
contributing to the happening of the accident. The trial court's
conclusion of law that the vehicle insured by Liberty Mutual
was involved in the accident was erroneous.

Reversed and remanded.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Am Jur 2d, Insurance § 2034.

Apportionment of payments of no-fault (personal injury protection)
benefits between insurers providing coverage to same insured
under policies covering different vehicles. 34 ALR4th 374.

Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — "INVOLVED IN
   ACCIDENT".
   There must be some activity in regard to a motor vehicle which
      somehow contributes to the happening of an accident in order
      for that motor vehicle to be determined to be a motor vehicle
      "involved in the accident" for purposes of the no-fault insur-
      ance provision regarding claims for benefits by a person suffer-
      ing accidental bodily injury while not an occupant of a motor
      vehicle (MCL 500.3115[1]; MSA 24.13115[1]).

*Eggenberger, Eggenberger, McKinney & Weber,
P.C.* (by *William D. Eggenberger*), for State Farm
Fire and Casualty Company.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *James L. Borin*), for Liberty Mutual Insur-
ance Company.

Before: MACKENZIE, P.J., and CYNAR and G. T.
MARTIN,* JJ.

PER CURIAM. Auto Club Insurance Association
and State Farm Fire and Casualty Insurance Com-
pany filed cross claims against appellant Liberty
Mutual Insurance Company for contribution of no-
fault benefits they paid to plaintiff as the result of
injuries sustained in an automobile-pedestrian ac-
cident. The trial court granted summary judgment
and entered a judgment in favor of Auto Club and
State Farm. Liberty appeals as of right. We re-
verse.

The accident in question occurred at the inter-
section of Woodward and Alexandrine in Detroit.
Albert Philpotts, who was insured by Auto Club,
was driving south on Woodward and entered the
intersection at Alexandrine. A vehicle driven by
Maureen Daly and insured by State Farm struck
Philpotts's vehicle as Daly entered the intersection

---

* Retired circuit judge, sitting on the Court of Appeals by assign-
ment.

while driving westbound on Alexandrine. After the collision, Philpotts's vehicle veered in a westerly direction and struck plaintiff, who was walking on a sidewalk. Daly's vehicle veered south and struck a vehicle driven by Eugene Ellis, which was facing northbound on Woodward and was stopped for the traffic signal at Alexandrine. Ellis's vehicle was insured by Liberty.

Auto Club and State Farm filed cross claims against Liberty for contribution of no-fault benefits pursuant to MCL 500.3115(1); MSA 24.13115(1), which addresses claims by persons accidentally injured while not occupying a vehicle against insurers of owners and operators of "motor vehicles involved in the accident." The trial court ruled that Ellis's vehicle was "involved in the accident" for purposes of § 3115 and accordingly ordered Liberty to pay a pro rata share of the no-fault benefits paid to plaintiff. On appeal, Liberty contends that this ruling was erroneous. We agree.

This Court has on two occasions held on facts akin to the circumstances of this case that in order for a vehicle to be "involved in the accident" within the meaning of MCL 500.3115(1); MSA 24.13115(1), there must be some activity, with respect to the vehicle, which somehow contributes to the happening of the accident. See *Stonewall Ins Group v Farmers Ins Group,* 128 Mich App 307; 340 NW2d 71 (1983), and *Bachman v Progressive Casualty Ins Co,* 135 Mich App 641; 354 NW2d 292 (1984).

In the instant case, Ellis's vehicle clearly was not involved in the activity contributing to the happening of the accident. Ellis was merely stopped at the red light when one of the vehicles involved in the original collision veered and struck his vehicle. Thus, under the holdings of *Stonewall* and *Bachman,* the trial court's conclusion of law

that Ellis was involved in the accident within the meaning of § 3115 is erroneous. The order and judgment are set aside and the case is remanded for entry of an order of summary judgment in favor of Liberty.

Reversed and remanded.