MICHIGAN MUTUAL INSURANCE COMPANY v FARM BUREAU
INSURANCE GROUP

Docket No. 116016. Submitted December 14, 1989, at Detroit. Decided
May 7, 1990.

Thomas Chadwick, III, got off a school bus, walked around the
front of the bus, and was crossing the road to his house when
he was struck by a motor vehicle insured by Citizens Insurance
Company of America. At the time, the school bus was stopped
and had its warning flashers activated. The bus was insured by
Farm Bureau Insurance Group. There was no personal protec-
tion insurance policy in the Chadwick household. Citizens and
Farm Bureau both denied responsibility for Chadwick's no-fault
benefits when Chadwick filed a claim with them. As a result,
Chadwick's benefits were paid by Michigan Mutual Insurance
Company under the assigned claims provisions of the no-fault
act. Michigan Mutual then filed a declaratory judgment action
against Farm Bureau and Citizens in Wayne Circuit Court
seeking reimbursement of the amounts it paid in benefits to
Chadwick and costs it incurred as the assigned claims insurer.
The court, Charles S. Farmer, J., found Citizens solely responsi-
ble for the payment of the no-fault benefits and ordered it to
reimburse Michigan Mutual for the payment of benefits and
costs incurred by Michigan Mutual. Citizens appealed.

The Court of Appeals *held:*

1. Chadwick was not a passenger of the school bus at the
time of the accident, and the school bus was not involved in the
accident because there was no activity of the bus as a motor
vehicle which actively contributed to Chadwick's injuries. Thus,
Farm Bureau, as insurer of the school bus, is not responsible
for Chadwick's benefits under the no-fault act.

2. The trial court properly awarded costs, including attorney
fees and interest, to Michigan Mutual. Such costs must be
awarded to the assigned claims insurer under § 3172(3)(f) of the
no-fault act regardless of whether there was a legitimate ques-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 345-355, 443.

What constitutes occupancy of motor vehicle for purposes of no-
fault automobile insurance coverage. 35 ALR4th 364.

tion of statutory construction involved in the dispute between insurers.

Affirmed.

1. INSURANCE — NO-FAULT — TRANSPORTATION SERVICES — PASSENGERS.

The word "passenger" in § 3114(2) of the no-fault act means an occupant of a motor vehicle who is not the operator of the motor vehicle; a person who has gotten out of or off the motor vehicle is no longer considered a passenger of the vehicle for purposes of § 3114(2) (MCL 500.3114[2]; MSA 24.13114[2]).

2. INSURANCE — NO-FAULT — AUTOMOBILES — VEHICLES INVOLVED IN ACCIDENTS.

There must be some activity in regard to a motor vehicle which somehow contributes to the happening of an accident in order for that motor vehicle to be determined to be a motor vehicle "involved in the accident" for purposes of the no-fault insurance provision regarding claims for benefits by a person suffering accidental bodily injury while not an occupant of a motor vehicle (MCL 500.3115[1]; MSA 24.13115[1]).

3. INSURANCE — NO-FAULT — SCHOOL BUSES — VEHICLES INVOLVED IN ACCIDENTS.

A school bus which has lawfully stopped and discharged a passenger is not a vehicle involved in the accident, for purposes of § 3115(1)(a) of the no-fault act, when the person alighting from the bus walks in front of the bus in order to cross the road to his house and is struck by an oncoming vehicle which fails to stop (MCL 500.3115[1][a]; MSA 24.13115[1][a]).

4. INSURANCE — NO-FAULT — ASSIGNED CLAIMS — REIMBURSEMENT OF COSTS.

Costs, including attorney fees and interest, must be awarded to the assigned claims insurer under § 3172(3)(f) of the no-fault act where a court finds another insurer responsible for payment of benefits regardless of whether there was a legitimate question of statutory construction involved in the dispute between insurers (MCL 500.3172[3][f]; MSA 24.3172[3][f]).

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Christopher L. Terry*), for Michigan Mutual Insurance Company.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Robert D. Goldstein, James L. Borin,* and

*James C. Rabaut*), for Farm Bureau Insurance Group.

*Conklin, Loesch & Caravas* (by *Erik Hildinger* and *Gary W. Caravas*), for Citizens Insurance Company of America.

Before: NEFF, P.J., and WAHLS and T. G. KAV-ANAGH,* JJ.

WAHLS, J. This is a declaratory judgment action under the assigned claims provisions of the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* On February 24, 1989, a Wayne Circuit Court judgment was entered finding defendant Citizens Insurance Company of America solely responsible for the payment of no-fault insurance benefits to Thomas Chadwick, III. Consequently, Citizens was ordered to reimburse plaintiff Michigan Mutual Insurance Company for the payment of benefits and costs incurred by plaintiff as the assigned claims insurer after Citizens and codefendant Farm Bureau Insurance Group denied responsibility for Chadwick's benefits. We affirm.

The essential facts relevant to the issues decided in the trial court and raised on appeal are not disputed by the parties to this action.

On March 23, 1987, at approximately 4:00 P.M., twelve-year-old Thomas Chadwick, III, was struck by a motor vehicle insured by Citizens as Chadwick attempted to cross Dunbar Road in Monroe, Michigan. Chadwick sustained serious personal injuries in the accident.

Prior to the accident, Chadwick had been riding on a school bus insured by Farm Bureau. The school bus was travelling on Dunbar before the

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

bus' operator activated the bus' warning flashers and brought the bus to a complete stop on the opposite side of Dunbar from Chadwick's house. Chadwick then got off the bus and started across Dunbar in front of the bus under the protection of the bus' warning flashers. Chadwick was struck by Citizens' insured after Chadwick entered the oncoming traffic lane. The bus was still present with its warning flashers activated when Chadwick was struck by Citizens' insured.

There was no personal protection insurance policy in the Chadwick household. Farm Bureau and Citizens denied responsibility for Chadwick's nofault benefits when Chadwick filed a claim with them. As a result, Chadwick's benefits have been paid by Michigan Mutual under the assigned claims plan. MCL 500.3172; MSA 24.13172.

Michigan Mutual filed this action for declaratory judgment against defendants. Defendants filed cross motions for summary disposition against each other under MCR 2.116(C)(10), which the trial court decided against Citizens.

On appeal, as in the trial court, Citizens argues that Chadwick was a "passenger" of the school bus and that, since there was no insurance in the Chadwick household, Farm Bureau, as insurer of the school bus, is solely responsible for Chadwick's no-fault benefits. MCL 500.3114(2)(a); MSA 24.13114(2)(a). Alternatively, Citizens argues that the school bus was "involved in the accident" along with Citizens' insured. Therefore, Farm Bureau and Citizens are jointly responsible for Chadwick's benefits. MCL 500.3115(1)(a); MSA 24.13115.(1)(a).

We hold that Chadwick was not a "passenger" of the school bus under § 3114(2) because he was not an "occupant" of the school bus and that the school bus was not "involved in the accident"

under § 3115(1)(a) because there was no activity of
the bus as a motor vehicle which actively contrib-
uted to Chadwick's injuries. The vehicle insured by
Citizens was the only motor vehicle involved in the
accident. Therefore, Citizens is solely responsible
for Chadwick's no-fault benefits. MCL 500.3115 (1)
(a); MSA 14.13115(1)(a).

Citizens also argues that the trial court improp-
erly awarded costs, including attorney fees and
interest, to Michigan Mutual under MCL
500.3172(3)(f); MSA 24.13172(3)(f), because this case
involves a legitimate question of statutory con-
struction. We hold that costs, including attorney
fees and interest, must be awarded to the assigned
claims insurer under § 3172(3)(f), regardless of
whether there was a legitimate question of statu-
tory construction involved in the dispute between
insurers.

I

Normally, a person who sustains an accidental
bodily injury in a motor vehicle accident must first
look to no-fault insurance policies in his household
for no-fault benefits. MCL 500.3114(1) and
500.3115(1); MSA 24.13114(1) and 24.13115(1). No-
fault policies in the household are first in order of
priority of responsibility for no-fault benefits, re-
gardless of whether the injured person was, or was
not, an occupant of a motor vehicle at the time of
the accident. *Id.* When there is no policy in the
injured person's household, other insurers having
a specified relationship to the accident are obli-
gated to provide no-fault benefits according to an
established order of priority. MCL 500.3114(4) and
500.3115(1); MSA 24.13114(4) and 24.13115(1). This
second order, however, does depend on whether
the injured person was, or was not, an occupant of
a motor vehicle at the time of the accident. *Id.*

A

The first issue to be resolved concerns an exception to the general order of priority among insurers. Section 3114(2) provides in part:

A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. This subsection shall not apply to a passenger in the following, unless that passenger is not entitled to personal protection insurance benefits under any other policy:

(a) A school bus, as defined by the department of education, providing transportation not prohibited by law.

When applicable, this subsection supersedes the general order of priority established by § 3114(1) and (4). Citizens argues that the word "passenger" is not limited to occupants of motor vehicles and includes persons in Chadwick's position at the time of the accident.

As always, the cardinal rule of statutory interpretation requires this Court to ascertain and give effect to the Legislature's intent. *Royal Globe Ins Cos v Frankenmuth Mut Ins Co,* 419 Mich 565, 573; 357 NW2d 652 (1984). While generally words and phrases used in a statute should be assigned their "primary and generally understood meaning," *id.,* words and phrases which have a technical or special meaning in the law should be construed according to that technical or special meaning, *Krajewski v Royal Oak,* 126 Mich App 695, 697; 337 NW2d 635 (1983). MCL 8.3a; MSA 2.212(1). "[T]he entire act must be read, and the interpretation to be given to a particular word in

one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole," *Grand Rapids v Crocker,* 219 Mich 178, 182-183; 189 NW 221 (1922); *Wright v League General Ins Co,* 167 Mich App 238, 245; 421 NW2d 647 (1988). Accordingly, whenever possible, this Court's interpretation of a particular word, phrase, or section of a statute should not conflict with, or deny effect to, other portions of the statute. *Grand Rapids, supra,* p 182; *Gooden v Transamerica Ins Corp of America,* 166 Mich App 793, 804; 420 NW2d 877 (1988), lv den 431 Mich 862 (1988).

Citizens' argument that Chadwick was a passenger of the school bus at the time of the accident is based on the generally heightened duty of common carriers, and school authorities operating school buses, to passengers. See *Boyle v Waters,* 199 Mich 478, 481-483; 166 NW 114 (1917), *Dinh v Forest Hills Public Schools,* 129 Mich App 293, 297-300; 341 NW2d 510 (1983), lv den 419 Mich 852 (1984), and MCL 257.682; MSA 9.2382. Citizens relies extensively on *Boyle, supra,* in which the Supreme Court held that *under the circumstances* the carrier owed a duty to the plaintiff even though she had already safely alighted from the train. Compare *Boyle, supra,* p 482 (plaintiff was using "way" which carrier assisted in constructing and had directed her to use), with *Poe v Detroit,* 179 Mich App 564, 570-571; 446 NW2d 523 (1989) (no duty where plaintiff had "safely alighted . . . and was free to choose how to proceed to his next destination"). Citizens argues that the Legislature was aware of the generally heightened duty to passengers of school buses and intended to incorporate it into the word "passenger" in § 3114(2) when it wrote "passenger *of* a motor vehicle" rather than "passenger *in* a motor vehicle."

There are a number of problems with Citizens' argument. First, as the trial court noted, there is no evidence that the apparent recognition in case and statutory law of a heightened duty to passengers was intended to be definitional of the word "passenger." Rather, "passenger" appears to be used more as a term of convenience than as a "term of art." Second, Citizens does not explain why in the second sentence of § 3114(2) the Legislature wrote "passenger in" rather than "passenger of," as it had in the first sentence, relied on by Citizens, or why the Legislature wrote "occupant of" rather than "occupant in" in §§ 3114(3), (4) and 3115(1). Third, there really is no question that Chadwick was not an occupant of the school bus. Cf. *Royal Globe, supra,* p 576. Chadwick is therefore entitled to benefits from Citizens under § 3115(1)(a), and § 3114(2) therefore does not apply. MCL 500.3114(2)(a); MSA 24.13114(2)(a). Lastly, and most importantly, Citizens' expansive interpretation of the word "passenger" conflicts with the Legislature's apparent intent when it enacted § 3114(2), with its exceptions, and § 3114(3).

As previously indicated, the Legislature generally "intended that an injured person's personal insurer stand primarily liable for . . . benefits whether or not its policy covers the motor vehicle involved and even if the involved vehicle is covered by a policy issued by another no-fault insurer." *Lee v DAIIE,* 412 Mich 505, 515; 315 NW2d 413 (1982). The "injured person's personal insurer" is, of course, the insurance company providing no-fault insurance in his household which was purchased by an "owner or registrant of a motor vehicle." MCL 500.3101(1) and 500.3114(1); MSA 24.13101(1) and 24.13114(1). While a business can be an owner or registrant of a motor vehicle, and thus required to purchase no-fault insurance, a

business obviously cannot be a "household," or have a "spouse" or "relative," in the primary and generally understood meaning of those words. Accordingly, insurers of business vehicles usually would not be first in order of priority under the general priority scheme. The Legislature recognized this and created what amounts to a business household in § 3114(2) and (3), so that responsibility for providing benefits would be spread equitably among all insurers of motor vehicles.

The business household in § 3114(3) consists generally of occupants of the motor vehicle who are related to the employee of the business. The household in § 3114(2) consists of the operator of the motor vehicle, and passengers under certain circumstances. It is apparent that the Legislature used the terms "operator" and "passenger" in § 3114(2) so that, as in § 3114(3), it could define a "household" of reasonable size in convenient terms. See MCL 500.3114(2)(a)-(f); MSA 24.13114(2) (a)-(f). The burden on the insurer, and therefore the owner or registrant, would be extraordinary if the Legislature had not distinguished between an "operator" and a "passenger" of the motor vehicle in circumstances covered by the exceptions to § 3114(2). In other words, just as the Legislature enacted § 3114(2) and (3) to spread liability equitably among all insurers, it enacted exceptions to § 3114(2), requiring use of the word "passenger," to prevent the shift of primary liability from being inequitable in certain obvious circumstances. An expansive interpretation of the word "passenger" would conflict with the general intent to equitably spread liability.

Consistent with the Legislature's intent in enacting § 3114(2), the word "passenger" must be assigned its primary and generally understood meaning, rather than an expansive meaning. Thus, the

word "passenger" in § 3114(2) means an occupant of a motor vehicle who is not the operator of the motor vehicle.

Since Chadwick was not an occupant of the school bus at the time of the accident, but had already gotten off the bus, he was not a passenger of the bus under § 3114(2).

B

The order of priority of responsibility for Chadwick's benefits is determined under § 3115(1), which provides in relevant part:

> [A] person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>      (a) Insurers of owners or registrants of motor vehicles involved in the accident.

Citizens argues on a basis similar to that previously stated that the school bus was "involved in the accident" and that Farm Bureau therefore must share responsibility for Chadwick's no-fault benefits with Citizens.

This Court has held that, in order for a motor vehicle to be included within the category of "motor vehicles involved in the accident" under § 3115(1)(a), there must be some activity of the motor vehicle which actively, as opposed to passively, contributes to the happening of the motor vehicle accident. *Brasher v Auto Club Ins Ass'n,* 152 Mich App 544, 546; 393 NW2d 881 (1986); *Bachman v Progressive Casualty Ins Co,* 135 Mich App 641, 643-644; 354 NW2d 292 (1984); *Stonewall Ins Group v Farmers Ins Group,* 128 Mich App 307, 309-310; 340 NW2d 71 (1983). As in *Stonewall, Bachman,* and *Brasher,* there was nothing that the

bus in this case actually did that even arguably *caused* Citizens' insured to strike Chadwick.

Citizens argues that the school bus was involved in the accident, because the bus was physically present creating the zone of protection within which Chadwick was walking when he was struck. Although. Citizens' argument on initial consideration seems compelling, it is, in reality, simple "but for" causal analysis: but for the fact that the school bus was physically present fulfilling its alleged duty, Chadwick would not have been in a position for Citizens' insured to strike him.[1]

As previously indicated, "the phrase involved in the accident should be consistently construed throughout the no-fault act." *Wright, supra,* p 245; *Grand Rapids, supra,* pp 182-183. Consequently, our Supreme Court's disapproval in *Heard v State Farm Mutual Auto Ins Co,* 414 Mich 139, 146-148; 324 NW2d 1 (1982), of "but for" causal analysis when determining whether an uninsured motor vehicle is involved in the accident under MCL 500.3113; MSA 24.13113 applies in this case. See *Wright, supra,* p 245, but cf. *Bachman, supra,* p 643. "But for" causation alone, even when "limited by interposing a requirement of physical proximity," is insufficient to impose liability for benefits. *Heard, supra,* p 148. Moreover, the motor vehicle's contribution to the accident must distinguish it as a motor vehicle; the motor vehicle must be involved *as a motor vehicle. Heard, supra,* pp 148-149; *Wright, supra,* pp 242-244; see *Miller v Auto-Owners Ins Co,* 411 Mich 633, 639-641; 309 NW2d 544 (1981). Thus, the scope of the motor vehicle insurer's responsibility in this case should not be

---

[1] The fact that this conclusion does not *necessarily* follow from the "but for" premise is one reason for rejecting Citizens' argument that this analysis is conclusive of the issue.

determined solely by the school authority's unique common-law and statutory duties to its students.[2]

In order for the motor vehicle in this case to be included within the category of "motor vehicles involved in the accident" under § 3115(1)(a), there must have been some activity of the school bus as a motor vehicle which actively contributed to the happening of the motor vehicle accident. As previously stated, there was nothing that the school bus in this case actually did that even arguably caused Citizens' insured to strike Chadwick. Its contribution to the accident was simply a "but for" contribution. Therefore, Citizens' insured was the only motor vehicle involved in the accident, and Citizens is solely responsible for Chadwick's no-fault benefits.

II

The final issue is easily resolved. MCL 500.3172(3)(f); MSA 24.13172(3)(f) provides:

After hearing the action, *the circuit court* shall determine the insurer or insurers, if any, obligated to provide the applicable personal protection insurance benefits and the equitable distribution, if any, among the insurers obligated therefor, and *shall order reimbursement* to the assigned claims facility from the insurer or insurers to the extent of the responsibility as determined by the court. The *reimbursement* ordered under this subdivision *shall include* all benefits and costs paid or incurred by the assigned claims facility and *all benefits and costs* paid or incurred by insurers determined not to be obligated to provide applicable personal protection insurance benefits, *including reasonable at-*

---

[2] This is especially true when the legislative intent that can be found in the priority provisions indicates that the Legislature intended that passengers of school buses generally should not be treated differently than passengers of other motor vehicles. See MCL 500.3114(2)(a); MSA 24.13114(2)(a).

*torney fees and interest* at the rate prescribed in section 3175 as of December 31 of the year preceding the determination of the circuit court.

Unlike MCL 500.3148(1); MSA 24.13148(1), § 3172(3)(f) does not require the trial court to find that the insurer "unreasonably refused" the claim before attorney fees may be charged against the insurer. Therefore, the trial court properly ordered Citizens to reimburse Michigan Mutual as provided in the statute.

III

In summary, we hold that Chadwick was not a "passenger" of the school bus under § 3114(2), because he was not an occupant of the school bus at the time of the accident. The school bus was not "involved in the accident" under § 3115(1)(a), because there was no activity of the school bus as a motor vehicle that actively contributed to Chadwick's injuries. The school bus did not cause Citizens' insured to strike Chadwick. Even though the school bus may still have had a common-law or statutory duty to Chadwick at the time Citizens' insured struck Chadwick, the school bus was not involved in the accident other than as a "but for" cause of the accident. Therefore, the trial court properly found that Citizens was solely responsible for Chadwick's no-fault benefits and properly ordered Citizens to reimburse Michigan Mutual for the payment of benefits and costs incurred by Michigan Mutual as the assigned claims insurer.

Affirmed.