# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT L. CORNELIUS,

        Plaintiff-Appellee,

v

MICHIGAN ASSIGNED CLAIMS PLAN, also
known as MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY,

        Defendant-Appellant.

UNPUBLISHED
February 27, 2018

No. 336074
Wayne Circuit Court
LC No. 15-004338-NF

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

In this first-party no-fault action, defendant Michigan Assigned Claims Plan appeals as of right an order dismissing the case with prejudice after defendant was compelled to assign plaintiff's claim to an insurer. Defendant's issues on appeal, however, relate to a prior order that denied defendant's motion for summary disposition under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

This case relates to two motor-vehicle collisions that occurred on the night of September 20, 2014, at the intersection of Davison and McNichols in Detroit. On that night, plaintiff was driving his 1999 Ford Expedition in the left lane of two west-bound lanes on Davison. Plaintiff had an insurance policy covering the Expedition, but that policy had lapsed due to plaintiff's failure to pay the premium. Plaintiff admitted that he had been drinking earlier in the night. As plaintiff approached the intersection at Davison and McNichols, plaintiff became tired and closed his eyes.

A 2014 GMC Envoy was stopped at the red light at the intersection in the same lane as plaintiff was travelling. Plaintiff rear-ended the Envoy. Plaintiff's airbags deployed in his Expedition and the Expedition's engine began to smoke. Neither vehicle appears to have changed lanes as a result of the collision. Plaintiff and the driver of the Envoy exited their vehicles to proceed to the sidewalk. The driver of the Envoy testified that plaintiff looked disoriented. Plaintiff entered the right west-bound lane on Davison and was hit by a black Charger driving in that lane. Plaintiff was hit in his knee, flipped into the air, and landed on his face. The driver of the black Charger stopped briefly, but then fled from the scene of the

-1-

collision and has not since been identified. The driver of the Envoy testified that roughly 30 seconds to one minute separated the two collisions.

Plaintiff was treated at the emergency room for his injuries. Plaintiff subsequently applied for placement with defendant under MCL 500.3172(1). Under that statute, a person injured in a motor vehicle accident may obtain personal injury protection (PIP) benefits from the assigned-claims plan if no PIP insurance applicable to the injury can be identified. Defendant informed plaintiff that it was investigating his claim and began the investigation process, including examining plaintiff under oath.

In March 2015, plaintiff, who had not received any PIP benefits from defendant, filed a complaint against defendant to compel defendant to assign plaintiff to an insurer who would pay the benefits. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff was injured in an accident that involved his own uninsured vehicle. According to defendant, plaintiff was ineligible for PIP benefits under MCL 500.3113(b), which excludes PIP benefits for injuries to the owner of an uninsured vehicle.

The trial court denied defendant's motion. The trial court concluded that plaintiff was involved in two separate accidents, and that plaintiff's vehicle was not involved in the second accident "as the striking vehicle in the second accident did not make physical contact with plaintiff's uninsured vehicle, nor did plaintiff's uninsured vehicle influence the striking vehicle's path of travel." The trial court ordered that defendant pay plaintiff for benefits arising from the second accident that were reasonable and necessary to plaintiff's care and subsequently entered an order compelling defendant to assign defendant's claim to an insurer. Defendant subsequently filed a letter with the trial court indicating that it had assigned plaintiff's claim to Farmers Insurance, which had agreed to pay the claim. The trial court entered an order dismissing the case with prejudice and this appeal followed.

II. ANALYSIS

We review a motion for summary disposition de novo, considering the evidence presented to the trial court in the light most favorable to the nonmoving party. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115, 120; 839 NW2d 223 (2013). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 116 (internal citation and quotation marks omitted). "The issue whether a vehicle was involved in an accident within the meaning of [MCL 500.3113(b)] has consistently been addressed as one of law." *Witt v American Family Mut Ins Co*, 219 Mich App 602, 606; 557 NW2d 163 (1996).

MCL 500.3101 requires the owner of a vehicle registered in this state to maintain PIP insurance, property protection insurance, and residual liability insurance on the vehicle. MCL 500.3105 requires the PIP insurer to pay benefits for accidental bodily injury arising out of the use of a motor vehicle as a motor vehicle if the insurer is the insurer of highest priority under MCL 500.3115. An injured individual is not entitled to PIP benefits, however, if, at the time of the accident, the individual "was the owner or registrant of a motor vehicle . . . involved in the accident with respect to which the security required by [MCL 500.3101] was not in effect." MCL 500.3113(b). Plaintiff admits that, at the time of the collisions, he did not properly insure

his Expedition as required by MCL 500.3101. Accordingly, the question presented on this appeal is whether plaintiff's uninsured Expedition was involved in plaintiff's collision with the black Charger within the meaning of MCL 500.3113(b).

For a motor vehicle to be considered "involved in the accident" under MCL 500.3113(b), "there must be some activity of the motor vehicle which actively, as opposed to passively, contributes to the happening of the motor vehicle accident." *Michigan Mut Ins Co v Farm Bureau Ins Group*, 183 Mich App 626, 635; 455 NW2d 352 (1990). The active-contribution requirement of the no-fault act, though related to traditional concepts of negligent causation, is a notion distinct to the no-fault act. For a motor vehicle to be actively involved in an accident, the motor vehicle needs to be more than a but-for cause of the accident. *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 395-396; 838 NW2d 910 (2013). The motor vehicle need not, however, be the sole proximate cause of the accident. *Id*.

Physical proximity to the accident is not enough to conclude that a motor vehicle was involved in the accident. *Mich Mut Ins Co*, 183 Mich App at 636-637. Moreover, physical contact with the uninsured motor vehicle is not required to conclude that the vehicle was actively involved in the accident. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 39; 528 NW2d 861 (1995). Rather, there must be some activity with respect to the motor vehicle, used as a motor vehicle, which actively, as opposed to passively, contributes to the accident. *Detroit Med Ctr*, 302 Mich App at 396. "The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Id*. at 395 (internal citation and quotation marks omitted). Fault is not a relevant consideration in determining whether a motor vehicle was actively involved in an accident. *Turner*, 448 Mich at 39. In a multi-vehicle situation, this Court will analyze separately the vehicles involved to determine whether the particular vehicle at issue had "any active influence on other involved vehicles that caused the accident or the injuries." *Amy v MIC Gen Ins Corp*, 258 Mich App 94, 122; 670 NW2d 228 (2003), rev'd in part on other grounds sub nom *Stewart v Michigan*, 471 Mich 692; 692 NW2d 376 (2004).

Defendant argues that the trial court erred when it determined that plaintiff was involved in two separate accidents on September 20, 2014. Defendant relies on *Hastings Mut Ins Co v State Farm Ins Co*, 177 Mich App 428; 442 NW2d 684 (1989), to argue that this Court has held that collisions involving multiple vehicles are viewed as a single accident. *Hastings* involved a chain-reaction collision with three vehicles and one motorcycle. *Id*. at 430-431. The first two vehicles were involved in a rear-end collision. *Id*. at 431. The third vehicle then collided with the second vehicle, which had spun into an adjacent lane after rear-ending the first vehicle. *Id*. A motorcycle also struck the second vehicle, and its driver was ejected from his seat. *Id*. A fourth vehicle then ran over the motorcycle driver while trying to avoid the other vehicles in the pileup. *Id*.

This Court concluded that all four vehicles actively contributed to the motorcyclist plaintiff's injuries. *Id*. at 435. This Court analyzed separately each vehicle involved in the accident. This Court determined that two vehicles were actively involved in the accident by striking the motorcyclist. *Id*. This Court further determined that, although the remaining two vehicles did not strike the motorcyclist, those vehicles collided with another vehicle involved in the accident and "actively influenced [that vehicle's] path of travel." *Id*. Accordingly, this Court

found that the trial court was "correct in viewing the chain-reaction collisions as a single accident." *Id.*

Contrary to defendant's assertion, *Hastings* does not stand for the broad proposition that collisions involving multiple vehicles are to be viewed as a single accident. Rather, *Hastings* stands for the proposition that this Court must separately analyze each vehicle's involvement in the collisions to determine whether each vehicle actively influenced the collisions involved. A series of collisions is properly considered a single accident where each vehicle involved actively contributes to the injuries.

We conclude that the trial court properly determined that plaintiff's Expedition did not actively contribute to the injuries caused by plaintiff's collision with the black Charger. Plaintiff's Expedition and the Envoy each actively contributed to the first collision by making contact with each other. The black Charger actively contributed to the second collision by making contact with plaintiff. That plaintiff would not have been walking in the right lane had he not crashed his Expedition into the Envoy makes plaintiff's operation of the Expedition a but-for cause of the second collision. As noted, however, but-for causation is not enough. To determine whether plaintiff's operation of the Expedition actively contributed to the second collision, such that the two collisions should be viewed as a single continuous accident, we must look to the influence plaintiff's Expedition had on the black Charger. After crashing into the Envoy, plaintiff's Expedition remained at rest in the left west-bound lane on Davison. There is no evidence that the first collision caused plaintiff's Expedition or the Envoy to stray from the left lane. The black Charger did not maneuver around the first collision or slow down. By all accounts, the black Charger proceeded through the right lane as if the first collision had never taken place. Accordingly, we conclude that, because plaintiff's Expedition did not influence the operation of the black Charger, plaintiff's Expedition did not actively contribute to the second conclusion.

Defendant argues that this case is similar to the case of *Detroit Medical Ctr v Titan Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued October 14, 2010 (Docket Nos. 292657, 294303). First, unpublished decisions are not binding precedent and are disfavored by this Court. MCR 7.215(C)(1). Second, in any event, the circumstances in *Detroit Medical Ctr* differ factually from the instant case in at least one important way. When the second vehicle in *Detroit Medical Ctr* collided with the plaintiff, it also collided with the plaintiff's vehicle. *Id.* at 2. Accordingly, the plaintiff's vehicle influenced the operation of the second vehicle, thereby contributing to the collision with the plaintiff. *Id.* at 4. Here, there is no evidence in the record to suggest that the black Charger's path was influenced by plaintiff's vehicle or the Envoy plaintiff struck. While defendant argues on appeal that plaintiff's Expedition influenced the operation of the black Charger by preventing the latter's driver from seeing plaintiff and avoiding the second collision, defendant did not develop that argument below and we decline to speculate on an argument not factually developed before the trial court. See *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004).

Accordingly, we conclude that the trial court did not err in finding that the operation of plaintiff's Expedition did not influence the operation of the black Charger. Because plaintiff's Expedition was not an active contributor to the second collision, we conclude that the trial court did not err in finding that the collisions were separate accidents and that MCL 500.3113(b) did

not bar plaintiff's claim for PIP benefits for the injuries sustained in the second accident. Accordingly, the trial court properly dismissed defendant's motion for summary disposition.

Because we conclude that the trial court properly denied defendant's motion for summary disposition on the ground that plaintiff's Expedition did not actively contribute to the second collision, we do not reach plaintiff's argument that the assignment of the claim to Farmers Insurance renders this appeal moot.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle