*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASHLEY JONES,

      Plaintiff,

and

MICHIGAN HEAD & SPINE INSTITUTE, PC, and
INTEGRA LAB MANAGEMENT, LLC, doing
business as INTEGRA LAB SOLUTIONS,

      Intervening Plaintiffs,

v

NICOLAS BERNARD ANDERSON and
YOLAUNDA MONIQUE CARLTON,

      Defendants,

and

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

      Defendant/Third-Party Plaintiff-
      Appellant,

and

GEICO GENERAL INSURANCE COMPANY,

      Defendant/Third-Party Defendant-
      Appellee.

UNPUBLISHED
May 12, 2022

No. 356577
Wayne Circuit Court
LC No. 19-007238-NI

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

-1-

PER CURIAM.

This no-fault case arose after defendant Nicholas Bernard Anderson clipped non-party Elijah Trudell's vehicle then veered off the road and hit plaintiff, Ashley Jones, who was a pedestrian at the time. Neither Anderson nor Jones were insured, and Trudell was insured through Geico General Insurance Company. Jones sought PIP benefits, and, being uninsured, her claim was assigned to Nationwide Mutual Fire Insurance Company through the Michigan Assigned Claims Plan (MACP). The sole question presented on appeal is which insurer between Nationwide and Geico is the higher-priority insurer under the no-fault act for plaintiff's PIP-benefits claim. According to the trial court, the answer is Nationwide. We agree, and therefore affirm.

I. BACKGROUND

The facts of this case are undisputed. On May 27, 2018, plaintiff was injured in a pedestrian-vehicle accident. Before the accident, Trudell was in the north-bound lane of traffic, stopped and waiting to make a left turn into his driveway. There was no dedicated turn lane, so Trudell was positioned in the main northbound lane. Anderson, traveling north behind Trudell, failed to stop for Trudell's vehicle, tried to go around but clipped the back of Trudell's vehicle, and veered off to the right and onto the sidewalk east of the road where plaintiff was walking. Anderson's vehicle struck plaintiff causing injury. Trudell estimated that he was stopped for about 10 seconds before he was hit.

Neither plaintiff nor Anderson had insurance, but Trudell's vehicle was insured by Geico. The MACP assigned plaintiff's claim for PIP benefits to Nationwide. Plaintiff filed a complaint against Nationwide, and, as relevant to this appeal, Nationwide then filed a third-party complaint against Geico, alleging that Geico was a higher-priority insurer and, therefore, liable for plaintiff's no-fault benefits.

Nationwide and Geico eventually filed competing motions for summary disposition addressing which insurer was higher in priority and thus liable to plaintiff under the no-fault act. Nationwide argued that, because it was assigned plaintiff's claim through the MACP, it was the lowest-priority insurer, and Geico was a higher-priority insurer because it insured a vehicle—Trudell's—that was "involved in the accident." See MCL 500.3115(1).[1] Geico, in contrast, argued that Trudell's vehicle was not "involved in the accident" for purposes of the no-fault act, and Geico was not otherwise in the order of priority to cover plaintiff's claim.

After a hearing, the trial court denied Nationwide's motion and granted summary disposition to Geico, reasoning that Nationwide was the higher priority insurer because the Geico-

---

[1] The no-fault act, MCL 500.3101 *et seq.*, was substantially amended by 2019 PA 21, effective June 11, 2019. The accident in question and the filing of plaintiff's complaint both occurred before this effective date, so all references to the no-fault act herein cite the preamendment language. See, e.g. *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019).

insured vehicle was only passively involved in the accident, meaning that the vehicle could not be considered "involved in the accident" for purposes of the no-fault act. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The parties filed competing motions under MCR 2.116(C)(10). Summary disposition under MCR 2.116(C)(10) is proper when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." Thus, a motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. When deciding such a motion, courts must consider all evidence in a light most favorable to the nonmoving party. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

Issues of law, including interpretation of the no-fault act, are reviewed de novo. See *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008); *Frierson v West American Ins Co*, 261 Mich App 732, 734; 683 NW2d 695 (2004).

## III. ANALYSIS

Nationwide argues that the trial court erred by concluding that it was a higher-priority insurer than Geico under the no-fault act. We disagree.

The no-fault act generally requires a plaintiff injured in a motor vehicle accident to seek no-fault benefits from his or her own no-fault insurer. MCL 500.3114(1). If a plaintiff injured in an accident does not have no-fault insurance and was not an occupant of a motor vehicle, he or she can seek no-fault benefits from the insurer(s) of the owners, registrants, or operators of the motor vehicles "involved in the accident." MCL 500.3115(1).[2] If this and all other personal protection insurance are inapplicable, or if no personal protection insurance can be readily identified, then the plaintiff can obtain PIP benefits through the MACP. See MCL 500.3127(1); *Spectrum Health Hosps v Michigan Assigned Claims Plan*, 330 Mich App 21, 32; 944 NW2d 412 (2019). Insurers assigned claims through the MACP are last in the order of priority. *Farmers Ins Exch v Farm Bureau Gen Ins Co*, 272 Mich App 106, 112; 724 NW2d 485 (2006). The sole issue to be addressed in this appeal is whether Trudell's Geico-insured vehicle was "involved in the accident" such that Geico would be liable to plaintiff under MCL 500.3115(1). If not, then Nationwide is responsible for plaintiff's claim.

While the no-fault act does not define the phrase "involved in the accident," our Supreme Court in *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 39; 528 NW2d 681 (1995), interpreting a

---

[2] The priority in which a plaintiff was required to seek benefits from such insurers under this subsection is not relevant for purposes of this appeal.

different section of the no-fault act, gave the following guidance for determining when a vehicle should be considered "involved in the accident":

> [F]or a vehicle to be considered "involved in the accident" . . . the motor vehicle, being operated or used as a motor vehicle, must actively, as opposed to passively, contribute to the accident. Showing a mere "but for" connection between the operation or use of the motor vehicle and the damage is not enough to establish that the vehicle is "involved in the accident." Moreover, physical contact is not required to establish that the vehicle was "involved in the accident," nor is fault a relevant consideration in the determination whether a vehicle is "involved in an accident."

Stated differently, "there must be some activity by the motor vehicle that contributes to the happening of the accident beyond its mere presence." *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 398-399; 838 NW2d 910 (2013). See also *Witt v American Family Mut Ins Co*, 219 Mich App 602, 607; 557 NW2d 163 (1996) (explaining that, under *Turner*, "there must be an 'active link' between the injury and the use of the motor vehicle").

In *Auto Club Ins Ass'n v State Auto Mut Ins Co*, 258 Mich App 328, 340; 671 NW2d 132 (2003), this Court opined that "analysis under *Turner* becomes necessary, only when there is no physical contact between the injured party and the vehicle," as is the case here. The *Auto Club* Court summarized a number of cases dealing with such situations and their respective outcomes:

> In [*Michigan Mut Ins Co v Farm Bureau Ins Group*, 183 Mich App 626; 455 NW2d 352 (1990)], the issue was whether a school bus was involved in an accident in which a boy was hit by a driver of another vehicle after leaving the school bus and while walking across the street under the protection of the warning flashers of the bus. The Court found that the bus was not involved in the accident because there was nothing that the bus did that even arguably caused the accident. *Id*. at 637. In [*Brasher v Auto Club Ins Ass'n*, 152 Mich App 544; 393 NW2d 881 (1986)], the issue was whether a vehicle was involved in an accident with a pedestrian when the vehicle did not strike the pedestrian and did not strike the car that hit the pedestrian, but was hit by another car after that car hit the car that hit the pedestrian. The Court found that the vehicle was not involved in the accident because it did not contribute to the accident and was merely stopped at a red light. [*Id*.] at 546-547. . . . Finally, in [*Stonewall Ins Group v Farmers Ins Group*, 128 Mich App 307; 340 NW2d 71 (1983)], the question was whether a car waiting to complete a left hand turn was involved in an accident that occurred when a second car swerved to avoid the first car and hit a bicyclist. The Court found that the first car was not involved in the accident because it was not moving into the second car's lane, was not blocking the second car's lane, and because its driver was not "doing anything other than probably turning her wheels and having her signal on." *Id*. at 310.

On the basis of this caselaw interpreting the phrase "involved in the accident," we have little difficulty concluding that Trudell's vehicle was not involved in the accident that injured plaintiff. Trudell's vehicle was stopped for about 10 seconds waiting to turn, then was struck by Anderson's vehicle. Nationwide points only to the fact that Trudell's vehicle was hit in arguing that it actively contributed to the accident; Nationwide points to nothing that Trudell's vehicle

actually did to contribute to the accident. This is because Trudell's vehicle did not do anything; it was not moving and was otherwise inactive—waiting about 10 seconds to turn—until it was hit by Anderson's vehicle. Accordingly, Trudell's vehicle was not "involved in the accident" under the no-fault act because it did nothing that actively contributed to the happening of the accident beyond its mere presence. See *Detroit Med Ctr*, 302 Mich App at 398-399.

On appeal, Nationwide argues that, based on caselaw, Trudell's vehicle must be considered to have been actively involved in the accident because Trudell's vehicle had contact with Anderson's before the accident. In support of its argument, Nationwide emphasizes that in *Dept of Soc Services v Auto Club Ins Ass'n*, 173 Mich App 552, 558; 434 NW2d 419 (1988), this Court stated that "the existence of contact with the motor vehicle is much more likely to be held to result in involvement sufficient to trigger this statute." Two things make Nationwide's reliance on this statement from *Dept of Soc Services* unconvincing. First, immediately following the statement, the Court clarified that it was discussing "actual contact on a public highway *between the injured party* or his vehicle *and a moving motor vehicle* . . . ." *Id*. (emphasis added.) Clearly, that is different from the situation here—Trudell's vehicle was stopped, and there was no actual contact between Trudell's vehicle and the injured party. Second, even if Nationwide were correct that the statement it relies on from *Dept of Soc Services* supports that Trudell's vehicle should be considered to have been "involved in the accident," the same case provides an equally compelling statement to support that Trudell's vehicle should *not* be considered to have been involved in the accident. Specifically, the *Dept of Soc Services* Court stated that "a vehicle which is motionless in a lawful position is less likely to be considered involved." *Id*. at 557. There is no dispute that Trudell's vehicle was motionless and in a lawful position when it was hit by Anderson's vehicle, so this statement would support the trial court's conclusion, not Nationwide's argument. In sum, given the unique facts of this case, *Dept of Soc Services* provides little clarity on how this case should be decided, and the caselaw discussed earlier provides considerably more insight.

Nationwide also argues that Trudell's vehicle was "involved in the accident" because, even though it did not have physical contact with plaintiff, it contributed to the accident by influencing the path of travel of Anderson's vehicle. In support of its argument, Nationwide relies on *Hastings Mut Ins Co v State Farm Ins Co*, 177 Mich App 428; 442 NW2d 684 (1989). That case concerned an accident involving four cars and a motorcycle. The accident occurred when the first car rapidly decelerated in the southbound-lane to make a turn, causing the second car to rear-end it. *Id*. at 431. The collision sent the second car spinning into the north-bound lane, where it was hit by the third car and then the motorcycle. *Id*. The fourth car swerved and avoided the pile-up, but in missing "the other automobiles, [the fourth car] violently struck [the] motorcyclist," killing him. *Id*. One of the issues on appeal was which vehicles were "involved in the accident," and thus whose insurers were liable to pay the no-fault benefits arising from the motorcyclist's death. *Id*. at 430. This Court held that the trial court did not clearly err when it found, following a bench trial, that all four vehicles were involved in the accident because they "actively contributed to" it. *Id*. at 435. For the two vehicles that did not have contact with the motorcyclist—the first and third cars—this Court explained that they actively contributed to the accident because they "collided with the [second car] and thus actively influenced its path of travel." *Id*.

*Hastings* is readily distinguishable from the instant case because the two cars that did not have physical contact with the motorcyclist still did something to actively contribute to the accident. The first car actively contributed to the accident by rapidly decelerating, causing the

-5-

second car to collide with it, thereby influencing the second car's path of travel. Similarly, the third car actively contributed to the accident because it ran into the second car—influencing its path of travel—after which the motorcyclist collided with the second car. Clearly, both vehicles in *Hastings* did something that actively contributed to the accident. Here, in contrast, Trudell's vehicle did nothing to actively contribute to the accident; it was stopped and waiting to turn for about 10 seconds before it was hit by Anderson's vehicle.

Lastly, Nationwide argues that the trial court impermissibly injected fault into its analysis of whether Trudell actively contributed to the accident. See *Turner*, 448 Mich at 39 (explaining that fault is not "a relevant consideration in the determination whether a vehicle is 'involved in an accident' "). In support of its argument, Nationwide cites to the trial court's comment that "it doesn't at all" seem "fair" for Trudell's insurer to be held responsible for the accident. This single comment was made in response to a comment by Nationwide's counsel that holding Geico responsible "doesn't seem fair," and we disagree that this off-the-cuff comment shows that the lower court injected fault into its analysis. Moreover, even if the lower court injected fault into its analysis, we would conclude that the error was harmless in light of our conclusion that, regardless of who was at fault for the accident, there can be no question under the facts of this case that Trudell's vehicle did not actively contribute to the accident, and therefore cannot be considered "involved in the accident" for purposes of the no-fault act. See *Smith v Twp of Forester*, 323 Mich App 146, 152; 913 NW2d 662 (2018) (explaining that this Court should affirm the ruling of a lower court if the lower court reached the correct result, even if for the wrong reasons).

Affirmed. Geico, being the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien